**RECORD NOS. 13-2112(L); 13-2127**

In The

# United States Court of Appeals

### For The Fourth Circuit

## In re:  NORFOLK SOUTHERN RAILWAY COMPANY

------------------------------------

## GILBERT BYNUM,

*Plaintiff – Appellee*,

**v.**

## NORFOLK SOUTHERN RAILWAY COMPANY,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA AT NORFOLK

————————

### JOINT APPENDIX

————————

| | | |
|---|---|---|
| Christopher R. Hedrick | Danielle M. Kruer | William D. Breit |
| Jonathan H. Walker | Daniel R. Warman | SERIOUS INJURY LAW CENTER, PLLC |
| MASON, MASON, | VENTKER & WARMAN, PLLC | 5544 Greenwich Road, Suite 100 |
| WALKER & HEDRICK, PC | 101 West Main Street, Suite 810 | Virginia Beach, Virginia  23462 |
| 11848 Rock Landing Drive, Suite 201 | Norfolk, Virginia  23510 | (757) 456-0333 |
| Newport News, Virginia  23606 | (757) 625-1192 | |
| (757) 873-3909 | | |
| | | |
| *Counsel for Appellant* | *Counsel for Appellant* | *Counsel for Appellee* |

# TABLE OF CONTENTS

**Appendix Page**

**Docket Entries** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**Defendant's Notice of Removal,**
**With Exhibit and Attachments,**
    **filed July 3, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

    **Exhibits:**

    **A.**    **Plaintiff's Complaint**
           **dated June 26, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

    **Attachments:**

    **Civil Cover Sheet**
        **dated July 3, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

    **Letter to**
    **The United States District Court for**
    **The Eastern District of Virginia from**
    **Daniel R. Warman**
    **Re: Enclosing Notice of Removal**
        **dated July 3, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**

**Plaintiff's Motion to Remand**
    **filed July 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

**Plaintiff's Brief in Support of His Motion to Remand**
    **filed July 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **20**

**Certificate of Service for Plaintiff's Motion to Remand**
    **filed July 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **25**

**Defendant's Motion to Dismiss**
    **filed July 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **26**

**Defendant's Memorandum in Support of Its Motion to Dismiss,
With Attachments,**
      filed July 15, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

      <u>Attachments:</u>

      1.     **Affidavit of William S. Austin
            dated July 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

      2.     **Affidavit of Joseph Wolsh,
            With Attachments,
            dated July 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

**Defendant's Notice of Request for Hearing on Motion to Dismiss**
      filed July 18, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

**Plaintiff's Notice of Request for Hearing on Plaintiff's Motion to Remand**
      filed July 18, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

**Plaintiff's Memorandum in Opposition to
Defendant's Motion to Dismiss**
      filed July 18, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

**Defendant's Memorandum in Opposition to
Plaintiff's Motion to Remand,
With Attachments,**
      filed July 24, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

      <u>Attachments:</u>

      1.     **Affidavit of William S. Austin
            dated July 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

      2.     **Affidavit of Joseph Wolsh,
            With Attachments,
            dated July 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

**Defendant's Brief in Rebuttal to
Plaintiff's Memorandum in Opposition to
Defendant's Motion to Dismiss**
      filed July 24, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

**Affidavit of Gilbert Bynum**
 **filed July 31, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

**Certificate of Service of Affidavit of Gilbert Bynum**
 **filed July 31, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

**Remand Order of**
**The Honorable Rebecca Beach Smith**
 **filed August 12, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

**Letter to**
**The Circuit Court for the City of Norfolk from**
**Deputy Clerk of The United States District Court for the**
**Eastern District of Virginia**
**Re:  Enclosing Remand Order**
 **filed August 13, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

**Defendant's Notice of Appeal**
 **filed September 10, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

APPEAL,CLOSED,JURY

# U.S. District Court
## Eastern District of Virginia - (Norfolk)
## CIVIL DOCKET FOR CASE #: 2:13-cv-00373-RBS-LRL

| | |
|---|---|
| Bynum v. Norfolk Southern Railway Company | Date Filed: 07/03/2013 |
| Assigned to: Chief District Judge Rebecca Beach Smith | Date Terminated: 08/13/2013 |
| Referred to: Magistrate Judge Lawrence R. Leonard | Jury Demand: Both |
| Demand: $30,000,000,000 | Nature of Suit: 360 P.I.: Other |
| Case in other court: Fourth Circuit, 13-02127 | Jurisdiction: Federal Question |
|          Norfolk Circuit Court, 710CL13004394-00 | |
| Cause: 28:1441 Notice of Removal-Personal Injury | |

**Plaintiff**

**Gilbert Bynum**        represented by    **William David Breit**
Serious Injury Law Center PLLC
5544 Greenwich Rd
Suite 100
Virginia Beach, VA 234962
(757) 456-0333
Fax: (757) 456-0002
Email: bbreit@seriousinjurylawcenter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Morris Legum**
Goldblatt Lipkin & Cohen PC
415 St. Paul's Blvd
PO Box 3505
Norfolk, VA 23514-3505
(757) 627-6225
*ATTORNEY TO BE NOTICED*

**Defendant**

**Norfolk Southern Railway Company**    represented by    **Daniel Reid Warman**
Ventker & Warman
101 West Main St
Suite 810
Norfolk, VA 23510
(757) 625-1192
Fax: (757) 625-1475
Email: danwarman@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danielle Marie Kruer**
Ventker & Warman PLLC

101 E Main St
Suite 801
Norfolk, VA 23510
(757) 625-1192
Email: dkruer@ventkerlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/03/2013 | 1 | NOTICE OF REMOVAL from Circuit Court of the City of Norfolk, case number CV13-4394 ( Filing fee $ 400, receipt number 24683020092.), filed by Norfolk Southern Railway Company. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet, # 3 Receipt, # 4 Letter)(ecav, ) (Entered: 07/05/2013) |
| 07/03/2013 | 2 | Financial Interest Disclosure Statement (Local Rule 7.1) by Norfolk Southern Railway Company. (ecav, ) (Entered: 07/05/2013) |
| 07/11/2013 | 3 | Brief in Support to 1 Notice of Removal, filed by Gilbert Bynum. (Breit, William) (Entered: 07/11/2013) |
| 07/11/2013 | 4 | Opposition to 1 Notice of Removal, filed by Gilbert Bynum. (Breit, William) (Entered: 07/11/2013) |
| 07/15/2013 | | Notice of Correction re 4 Opposition, 3 Brief in Support. Both documents are improper filings. Email sent to filing counsel with detailed explanation. Wrong events used, Memorandum in Support included in the actual motion and it needs to be a separate document and then linked back to the actual motion, State Court headings used, etc. Clerk has removed Doc.#3 from the docket text and counsel is to refile as instructed via email Doc.#4 has also been removed from the docket text and counsel is to refile (if necessary). (ecav, ) (Entered: 07/15/2013) |
| 07/15/2013 | 5 | First MOTION to Remand by Gilbert Bynum. (Breit, William) (Entered: 07/15/2013) |
| 07/15/2013 | 6 | Brief in Support to 5 First MOTION to Remand filed by Gilbert Bynum. (Breit, William) (Entered: 07/15/2013) |
| 07/15/2013 | | Notice of Correction re 5 First MOTION to Remand , 6 Brief in Support. Certificate of Service on both documents is not proper as outlined in the ECF procedures for the ED/VA. Clerk called counsel's assistant to advise on how to correct the Certificate of Service for both documents. Counsel will refile two(2) documents titled Certificate of Service and link each back to their appropriate pleading. (ecav, ) (Entered: 07/15/2013) |
| 07/15/2013 | 7 | CERTIFICATE of Service re 5 First MOTION to Remand by William David Breit on behalf of Gilbert Bynum (Breit, William) (Entered: 07/15/2013) |
| 07/15/2013 | 8 | CERTIFICATE of Service re. 6 Brief in Support of 5 Motion to Remand by William David Breit on behalf of Gilbert Bynum (Breit, William) Modified on 7/16/2013 to create document linkage (with the permission of the filing user) (ecav). (Entered: 07/15/2013) |
| 07/15/2013 | 9 | MOTION to Dismiss for Lack of Jurisdiction *pursuant to Rule 12(b)(1) - Subject Matter Jurisdiction* by Norfolk Southern Railway Company. (Kruer, Danielle) |

- 2 -

| | | |
|---|---|---|
| | | (Entered: 07/15/2013) |
| 07/15/2013 | 10 | Memorandum in Support re 9 MOTION to Dismiss for Lack of Jurisdiction *pursuant to Rule 12(b)(1) - Subject Matter Jurisdiction* filed by Norfolk Southern Railway Company. (Attachments: # 1 Affidavit of William S. Austin, # 2 Affidavit of Joseph Wolsh)(Kruer, Danielle) (Entered: 07/15/2013) |
| 07/18/2013 | 11 | Request for Hearing by Norfolk Southern Railway Company re 9 MOTION to Dismiss for Lack of Jurisdiction *pursuant to Rule 12(b)(1) - Subject Matter Jurisdiction* (Kruer, Danielle) (Entered: 07/18/2013) |
| 07/18/2013 | 12 | Request for Hearing by Gilbert Bynum (Breit, William) (Entered: 07/18/2013) |
| 07/18/2013 | 13 | Memorandum in Opposition re 9 MOTION to Dismiss for Lack of Jurisdiction *pursuant to Rule 12(b)(1) - Subject Matter Jurisdiction* filed by Gilbert Bynum. (Breit, William) (Entered: 07/18/2013) |
| 07/24/2013 | 14 | Memorandum in Opposition re 5 First MOTION to Remand filed by Norfolk Southern Railway Company. (Attachments: # 1 Affidavit of William S. Austin, # 2 Affidavit of Joseph Wolsh)(Kruer, Danielle) (Entered: 07/24/2013) |
| 07/24/2013 | 15 | Rebuttal Brief re 9 MOTION to Dismiss for Lack of Jurisdiction *pursuant to Rule 12(b)(1) - Subject Matter Jurisdiction* filed by Norfolk Southern Railway Company. (Kruer, Danielle) (Entered: 07/24/2013) |
| 07/31/2013 | 16 | AFFIDAVIT re 13 Memorandum in Opposition by Gilbert Bynum. (Breit, William) (Entered: 07/31/2013) |
| 07/31/2013 | 17 | CERTIFICATE of Service re 16 Affidavit by William David Breit on behalf of Gilbert Bynum (Breit, William) (Entered: 07/31/2013) |
| 07/31/2013 | 18 | CERTIFICATE of Service re 16 Affidavit by William David Breit on behalf of Gilbert Bynum (Breit, William) (Entered: 07/31/2013) |
| 08/01/2013 | | Notice of Correction re 17 Certificate of Service. Counsel advised that Doc. #17 contained a date error and asked that Doc. #17 be removed from the docket text. Counsel filed a corrected Certificate of Service (See Doc. #18) (ecav, ) (Entered: 08/01/2013) |
| 08/12/2013 | 19 | REMAND ORDER GRANTING Plaintiff's 5 Motion to Remand; finding as moot Defendant's 9 Motion to Dismiss for Lack of Jurisdiction. This action is, therefore, REMANDED to the state court from which it was removed, as outlined. The clerk is to effect the remand to state court. (See Order for Specifics) Entered and filed 8/12/13. (Signed by Chief District Judge Rebecca Beach Smith on 8/12/13). (ecav, ) (Entered: 08/13/2013) |
| 08/13/2013 | 20 | Clerk's Letter to the Clerk of the Norfolk Circuit Court sending certified copy of order remanding the case. (ecav, ) (Entered: 08/13/2013) |
| 09/10/2013 | 21 | NOTICE OF APPEAL as to 19 Order on Motion to Remand, Order on Motion to Dismiss/Lack of Jurisdiction,, by Norfolk Southern Railway Company. Filing fee $ 455, receipt number 0422-3661970. (Kruer, Danielle) (Entered: 09/10/2013) |
| 09/11/2013 | 22 R | NOTICE OF APPEAL as to 19 Order on Motion to Remand, Order on Motion to Dismiss/Lack of Jurisdiction,, by Norfolk Southern Railway Company. (Warman, Daniel) (Entered: 09/11/2013) |

| 09/11/2013 | 23 | Transmission of Notice of Appeal to US Court of Appeals re 22 **R** Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (rsim, ) (Entered: 09/11/2013) |
| 09/11/2013 |  | Assembled INITIAL Electronic Record Transmitted to 4CCA re 22 **R** Notice of Appeal (rsim, ) (Entered: 09/11/2013) |
| 09/11/2013 |  | Notice of Correction re 21 Notice of Appeal: The signature block on the document does not match the filing users login. The filing user has been notified and has been asked to either refile the document or to have the attorney whose signature block appears on the document refile the document. (rsim, ) (rsim, ) (Entered: 09/11/2013) |
| 09/12/2013 | 26 | USCA Case Number 13-2127 Fourth Circuit for 22 **R** Notice of Appeal filed by Norfolk Southern Railway Company, case manager - Taline A. Fischer. (rsim, ) (Entered: 10/01/2013) |

| **PACER Service Center** | | |
| **Transaction Receipt** | | |
| 10/16/2013 12:01:36 | | |
| **PACER Login:** | tl0027 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:13-cv-00373-RBS-LRL |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

```
FILED
JUL -7  3 Euc
        2013
CLERK. US DISTRICT COURT
    NORFOLK. VA          RS
```

GILBERT BYNUM,

      Plaintiff

v.

NORFOLK SOUTHERN RAILWAY
COMPANY,

      Defendant.

Civil Action No.: 2:13cv373

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), hereby files its Notice of Removal pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441 and 28 U.S.C. §1446, and requests that this action, which was filed as Case No. CL13-4394 in the Circuit Court for the City of Norfolk, be removed to the United States District Court for the Eastern District of Virginia, Norfolk Division. The grounds for removal of the action are as follows:

    1.   The Plaintiff, Gilbert Bynum ("Bynum" or "Plaintiff") has filed this claim in the Circuit Court for the City of Norfolk, which is situated in the district of the United States District Court for the Eastern District of Virginia.

    2.   A copy of the Summons and Complaint in the state court action is attached to this Notice of Removal as *Exhibit A*.

    3.   In the state court action, Bynum alleges that he was injured while employed by Norfolk Southern as a railroad worker as defined under the Federal Employer's Liability Act, 45

U.S.C. §51 et. seq (the "FELA"), and that the negligence of Norfolk Southern proximately caused such injury.

4.    Bynum has previously filed a claim for, and has accepted, benefits pursuant to the Longshore Harbor Workers' Compensation Act, 33 U.S.C. §901 et. seq (the "LHWCA").

5.    Pursuant to the LHWCA, Bynum is an "employee," or a "person engaged in maritime employment." Norfolk Southern maintains that Bynum was injured in a maritime situs, in that his injury occurred at the Lambert's Point coal terminal, and that he is employed in a maritime status, as his duties include actions that are integral and essential to the loading and unloading of vessels.

6.    The LHWCA provides the exclusive remedy for covered employees, and coverage thereunder bars a cause of action for negligence pursuant to the FELA. Chesapeake and Ohio Ry. v. Schwalb, 493 U.S. 40, 42 (1989).

7.    The district courts of the United States have original jurisdiction over the Plaintiff's claim pursuant to 28 U.S.C. § 1331. The Fourth Circuit has held that "[t]he question of whether the LHWCA applies to a work-related injury is exclusively a federal question which Congress never intended for state courts to resolve." Shives v. CSX Transp., Inc., 151 F.3d 164, 167 (4th Cir. 1998) (reversing the district court's remand to state court where the district court had wrongly determined that the plaintiff was not covered by the LHWCA). See also Demay v. Norfolk Southern Ry. Co., 592 F.2d 907 (8th Cir. 2010).

8.    Accordingly, removal of this action is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE Defendant Norfolk Southern Railway Company, prays that the civil

action filed by Plaintiff, Gilbert Bynum, in the Circuit Court for the City of Norfolk be removed

to this Court and that this Court exercise jurisdiction over this action.

NORFOLK SOUTHERN RAILWAY COMPANY

By: _____
                    Of Counsel

Daniel R. Warman, Esq. (VSB #13340)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA 23510
Tel:  (757) 625-1192
Fax: (757) 625-1475
danwarman@aol.com
*Counsel for Norfolk Southern Railway Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2013 a true and correct copy of the foregoing "Notice of
Removal" has been served upon counsel of record by depositing the same via first-class mail to:

William D. Breit, Esq.
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA  23462

Steven M. Legum, Esq.
Goldblatt, Cohen & Legum, P.C.
555 E. Main Street, Suite 102
Norfolk, VA  23510

_____
                    Daniel R. Warman

# COMMONWEALTH OF VIRGINIA



Served upon Roger A. Peterson

6-26-13
Date

2:45 PM
Time

R A Petersen

## NORFOLK CIRCUIT COURT
Civil Division
100 ST. PAUL'S BOULEVARD
NORFOLK  VA  23510
(757) 664-4387

Summons

To: NORFOLK SOUTHERN RAILWAY CO
RA: ROGER A. PETERSEN
THREE COMMERCIAL PLACE
NORFOLK VA 23510

Case No. 710CL13004394-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, May 31, 2013

Clerk of Court: GEORGE E. SCHAEFER III

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:    BREIT, WILLIAM D
757-456-0333

SERVED BY: II.S.I - 757.868.5833
ROGER A PETERSEN, R/A
NORFOLK SOUTHERN RAILW
☑ AUTH    344343- 1

EXHIBIT
A

- 8 -

Served upon Roger A. Peterson

Date  6-26-13    Time 2:45 P.M

R. A. Petersen

**VIRGINIA:    IN THE CIRCUIT COURT OF THE CITY OF NORFOLK**

GILBERT BYNUM,

       Plaintiff,

                          Case No. __CL13-4394__

  v.                               PLAINTIFF DEMANDS A TRIAL BY JURY

NORFOLK SOUTHERN RAILWAY COMPANY,

       Defendant,

Serve:    Roger A. Petersen, Registered Agent
           Norfolk Southern Railway Co.
           Three Commercial Place
           Norfolk, VA 23510

## COMPLAINT

TAKE NOTICE that the undersigned hereby moves the Circuit Court for the City of Norfolk, at the courthouse thereof, for a judgment and award against you, for the sum of THIRTY MILLION DOLLARS ($30,000,000.00), together with prejudgment interest and costs for the following, to wit:

     1.    The plaintiff, Gilbert Bynum, is a resident of the City of Portsmouth, Virginia, and at all times mentioned herein was employed by the defendant as a control operator/breakman.

     2.    The defendant, Norfolk Southern Railway Company, (hereinafter "NS") is a railroad company incorporated under the laws of the Commonwealth of Virginia, with its principal place of business located in the City of Norfolk, Virginia.

     3.    That at all times mentioned herein the defendant, "NS", was and is a common carrier by rail of interstate transportation and commerce regularly employing railroad workers in furtherance of interstate commerce.

–1–

4.    That at all times mentioned herein the defendant, "NS" owned, operated, maintained, and controlled the Lamberts Point Coal Terminal located on the Elizabeth River in the City of Norfolk, Virginia.

5.    That at all times mentioned herein, the plaintiff was a railroad worker as defined under the Federal Employer's Liability Act 45 U.S.C. §51-60, as amended (hereinafter "FELA") which act provides for the sole legal remedy to compensate railroad employees for job-related injuries.

6.    That on or about November 22, 2010 the plaintiff was employed by the defendant "NS" as a control operator/breakman at Lamberts Point Coal Terminal in furtherance of interstate commerce and participating in work which directly, closely, and substantially affecting the general interstate   commerce carried on by the defendant.

7.    That on or about November 22, 2010, the plaintiff while in the *scope of his* employment as a railroad worker was provided with improper safety equipment, including a broken radio transmitter, requiring him to return to the shop to obtain proper and safe working equipment necessary to perform his duties and responsibilities on behalf of "NS".

8.    That at the aforementioned date and time the plaintiff, while engaged in his employment performing railroad duties, was injured when he tripped and fell on coal dust and debris that had been allowed to accumulate between and aside the railroad tracks, causing him to fall and sustain serious and permanent injuries.

9.    That at all times mentioned herein, the defendant owed a duty to the plaintiff to comply with the provisions and requirements of "FELA", 45 U.S.C. §§51-60 , as amended, as well as safety statutes incorporated under the Federal Safety Appliance Act, 49 U.S.C. §20301, et. seq., as well as statutes incorporated under the Locomotive Inspection Act, 49 U.S.C. §20701.

–2–

10.    Notwithstanding the aforementioned duties, the defendant, "NS", negligently failed to comply with 45 U.S.C. §51-60, commonly known as "FELA", as well as safety statutes incorporated under the Federal Safety Appliance Act, 49 U.S.C. §§20301, et. seq., as well as statutes incorporated under the Locomotive Inspection Act, 49 U.S.C. §20701, as set forth herein.

11.    Violations of the Federal Safety Appliance Act, that in whole or in part, cause inquiries to a railroad worker like the plaintiff herein, constitute negligence per se and bar the affirmative defense of contributory negligence of the plaintiff, under the express provisions of "FELA", 45 U.S.C. §§53, 54a.

12.    Notwithstanding the aforementioned negligence, the defendant negligently violated "NS" operating rules and procedures for providing breakman like the plaintiff with radio transmitters in good working order necessary to safely perform his duties and responsibilities of railroad work.

13.    Notwithstanding the aforementioned negligence, the defendant negligently violated "NS" operating rules and procedures to provide a reasonably safe work site free of debris and coal dust which should not be allowed to accumulate between and aside the railroad tracks, owned, operated and maintained by "NS".

14.    Notwithstanding the aforementioned negligence, the plaintiff's injuries were caused by the negligent acts and/or omissions of the defendant, its agents, managers, supervisors, and employees acting within the scope of their employment with the defendant.   The defendant's negligence includes, but is not limited to the following:

    a.    Failing to provide the plaintiff with a reasonably safe place to work;

    b.    Failing to provide and maintain a safe work site for plaintiff'

    c.    Failing to warn the plaintiff of known and/or reasonably forseeable dangers on

–3–

company property where Plaintiff was assigned to work;

    d.   Failing to adequately protect plaintiff from dangerous worksite conditions;

    e.   Failing to develop and enforce proper methods, policies, procedures, rules, regulations, and/or standards for performing assigned work tasks;

    f.   Failing to properly inspect, repair, and maintain plaintiff's work areas;

    g.   Failing to provide plaintiff with properly working safety equipment and radio;

    h.   Defendant was otherwise negligent, in ways that will be established through discovery.

15.    As a direct and proximate result of the defendant's negligence, the plaintiff was seriously and permanently injured.

16.    As a direct and proximate result of the defendant's failure to comply with the Federal Safety Appliance Act, as well as statutes incorporated under the Locomotive Inspection Act, the plaintiff was seriously and permanently injured.

17.    That these injuries to the plaintiff have caused, and will in the future cause, great physical pain, mental anguish, and inconvenience; have required the plaintiff to expend large sums of money for medical expenses, and may reasonably require him to incur medical expenses in the future; and have resulted in lost earnings for being unable to work.

18.    As a direct and proximate result of the plaintiff's injuries, the plaintiff may reasonably be expected to sustain permanent injuries in the future, and may reasonably be expected to sustain a loss of earnings and lessening of earning capacity in the future, and the injuries may reasonably be expected to result in disfigurement and deformity including associated humiliation and embarrassment as a result of his permanent injuries.

WHEREFORE, plaintiff moves the Court for a judgment and award against you for

compensatory damages in a sum of THIRTY MILLION DOLLARS ($30,000,000.00), together

with prejudgment interest and costs aforesaid.

GILBERT BYNUM

By _____
                Of Counsel

William D. Breit, Esq. (VSB # 17814)
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Tel: (757) 456-0333
Fax: (757) 456-0002

Steven M. Legum, Esq. (VSB# 14756)
Goldblatt, Cohen & Legum, P.C.
555 E. Main St., Suite 1102
Norfolk, VA 23510
Tel: (757) 627-6225
Fax: (757) 622-3698

–5–

Case 2:13-cv-00373-RBS-LRL   Document 1-2   Filed 07/03/13   Page 1 of 1 PageID# 10

JS 44 (Rev. 12/12)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Gilbert Bynum

**DEFENDANTS**

Norfolk Southern Railway Company

**(b)** County of Residence of First Listed Plaintiff   Portsmouth VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William D. Breit   Steven M. Legum
5544 Greenwich Rd.   555 E. Main St.
Virginia Beach VA 23462   Norfolk VA 2350

Attorneys *(If Known)*
Daniel R. Warman
101 W. Main St, Ste 810
Norfolk VA 23510

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1441, 33 USC § 901 et seq.

Brief description of cause:
Removal to USDC on issue of Longshore Status of Plaintiff

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 30,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   July 3, 2013

SIGNATURE OF ATTORNEY OF RECORD   Daniel R. Warman

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

- 14 -

Case 2:13-cv-00373-RBS-LRL    Document 1-3    Filed 07/03/13    Page 1 of 1 PageID# 11

```
Court Name: United States District Court
Division: 2
Receipt Number: 24603020092
Cashier ID: tlevinso
Transaction Date: 07/03/2013
Payer Name: DANIEL WARHAN

CIVIL FILING FEE
 For: DANIEL WARHAN
 Amount:      $400.00

CHECK
 Check/Money Order Num: 7562
 Amt Tendered: $400.00

Total Due:      $400.00
Total Tendered: $400.00
Change Amt:       $0.00

DANIEL WARHAN
2:13cv373
```



**VENTKER WARMAN** PLLC

Daniel R. Warman
757.625.1192
danwarman@aol.com

July 3, 2013



RECEIVED

JUL - 3 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

Fernando Galindo, Clerk
United States District Court
for the Eastern District of Virginia
U.S. Courthouse
600 Granby Street
Norfolk, VA 23510

Re:   Gilbert Bynum v. Norfolk Southern Railway Company, on Removal

Dear Mr. Galindo:

Enclosed for filing please find a Notice of Removal of the above captioned case which was filed in the Circuit Court for the City of Norfolk. Also enclosed is a check for the $400.00 filing fee, a Civil Cover Sheet and a Disclosure Statement.

By copy of this letter, the Notice of Removal is being mailed to counsel for the Plaintiff and filed in the Circuit Court of Norfolk.

If you have any questions, please do not hesitate to call. Thanking you for your assistance and courtesy, we are

Very truly yours,

VENTKER & WARMAN, PLLC

By:

Daniel R. Warman

Cc: Mr. Breit, Clerk, Circuit Court of Norfolk
DRW/
Enclosures

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

**GILBERT BYNUM,**

     **Plaintiff,**

   **v.**                                            **Case No. 2:13-cv-373**

**NORFOLK SOUTHERN RAILWAY**
**COMPANY,**

     **Defendant,**

### PLAINTIFF'S MOTION TO REMAND

COMES NOW the Plaintiff, by counsel, and moves this court for an Order remanding this case back to the Circuit Court of the City of Norfolk, and in support thereof states as follows;

1.  The plaintiff, Gilbert Bynum, was injured while employed by the defendant, Norfolk Southern Railway Company, as a railroad worker as defined under the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq. (hereinafter "FELA").

2.  Plaintiff filed a Complaint in the Circuit Court of the City of Norfolk, alleging negligence which cause of action is not subject to removal to the federal court. See, 28 U.S.C. § 1445(a).

3.  The Defendant's Notice of Removal alleges that pursuant to the Longshore Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (hereinafter "LHWCA") the question of whether the LHWCA is the plaintiff's exclusive remedy is a federal question making removal proper pursuant to 28 U.S.C. § 1441 and § 1446.

–1–

4.     The United States District Court does not have jurisdiction to determine coverage under the LHWCA because Congress has specifically eliminated the jurisdiction of the federal district court concerning the LHWCA. See, 33 U.S.C. § 919, 921.

5.     The Plaintiff's claim is not removable pursuant to 28 U.S.C. § 1445(a) and it is not removable under 28 U.S.C. § 1441 or § 1446.

WHEREFORE, the Plaintiff, by counsel, respectfully moves this court for an Order remanding this case back to the Circuit Court of the City of Norfolk.

GILBERT BYNUM

By_____
Of Counsel

William D. Breit, Esq. (VSB # 17814)
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Tel: (757) 456-0333
Fax: (757) 456-0002

Steven M. Legum, Esq. (VSB# 14756)
Goldblatt, Cohen & Legum, P.C.
555 E. Main St., Suite 1102
Norfolk, VA 23510
Tel: (757) 627-6225
Fax: (757) 622-3698

**CERTIFICATE OF MAILING**

I certify that on this 11th day of July, 2013, I mailed a true and correct copy of the foregoing

**Plaintiff's Motion to Remand** via U.S. Mail pursuant to the provisions of Rule 1:12 of the Rules

of the Supreme Court of Virginia as follows:

Daniel R. Warman, Esq. (VSB# 13340)
Danielle M. Kruer, Esq. (VSB# 77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA   23510
*Counsel for Norfolk Southern Railway Company*

William D. Breit

William D. Breit, Esq. (VSB # 17814)
Serious Injury Law Center
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
(757) 456-0333
(757) 456-0002 – Fax

Steven M. Legum, Esq. (VSB# 14756)
Goldblatt, Cohen & Legum, P.C.
555 E. Main St., Suite 1102
Norfolk, VA 23510
Tel: (757) 627-6225
Fax: (757) 622-3698

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

GILBERT BYNUM,

     Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 2:13-cv-373

NORFOLK SOUTHERN RAILWAY
COMPANY,

     Defendant,

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND

### INTRODUCTION

The issue presented herein is whether a FELA claim may be removed to the federal district court based solely upon the original jurisdiction provisions of 28 U.S.C. § 1331. Because § 28 U.S.C. § 1445(a) specifically states that a FELA action is a nonremovable action from the State court, the claim should be remanded back to the Circuit Court of the City of Norfolk for further proceedings.

### ARGUMENT

§ 28 U.S.C. § 1445(a) states,

> "A civil action in any state court against a railroad…. may not be removed to any district court of the United States."

Defendant alleges that because the plaintiff has accepted benefits pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (hereinafter "LHWCA") the district court has original jurisdiction to decide the exclusivity provisions of the LHWCA. The defendant's argument ignores two fundamental principles relating to FELA

–1–

claims and claims arising under the LHCWA.

First, 28 U.S.C. § 1441(a), the removal statute, states;

> (a) "<u>Except as otherwise expressly provided by Act of Congress</u>, any civil action brought in a State court of which the district courts of the United States have original jurisdiction; may be removed by the defendant..." (Emphasis added)

This limitation on removal of civil actions specifically addresses nonremovable actions under § 28 U.S.C. § 1445(a).   Congress expressly prohibited removal of railroad cases, including cases in which the district court has original jurisdiction.   Consequently, removal is not permitted under the circumstances of this case.

Second, the federal district court does not have original jurisdiction of claims under the Longshore and Harbor Workers' Compensation Act ("LHWCA").   Congress has expressly provided that original jurisdiction is with the Department of Labor, administrative law judges, and The Benefits Review Board.   See, 33 U.S.C. § 919, 921.   Any appeal of a finding by the Department of Labor is to the United States Court of Appeals.   33 U.S.C. § 921(c).   The only jurisdiction of the district court is to enforce orders and the process for compliance with compensation orders that have become final.   33 U.S.C. § 921(d).   Consequently, the request by the defendant to have the district court consider the applicability of the LHWCA to this FELA cause of action is inappropriate.

The defendant's reliance on Shives v. CSX Transportation, Inc. 151 F3rd 164 (4th Cir. 1998) is misplaced.   Shives was decided on the grounds that the case was not a FELA claim but rather a claim for federal workers' compensation.   No such claim can be made in this case because the plaintiff has already received benefits under the LHWCA and his claim for federal workers' compensation benefits is properly before the Department of Labor. (1)

---

(1) The Plaintiff is entitled to file a FELA claim after receiving LHWCA benefits because the railroad will receive a credit for payments.   See Freeman v. Norfolk & Western Railway Co. 596 F2d 1205 (4th Cir. 1979).

The <u>Shives</u> decision was also predicated upon a substantive ruling by the district court that Shives was not engaged in maritime employment.   Because the coverage questions of the LHWCA was a "conceptual antecedent for the district court's remand", the Court of Appeals was not prohibited from reviewing that Order; Id. at 167.

The district court does not have to reach the issue of LHWCA coverage in this case.   Nor does the district court have to reach the issue of whether the plaintiff was engaged in maritime employment because that question may be properly decided by the State court.   Schwalb v. The Chesapeake and Ohio Railway Company, 235 Va 27, 365 SE 2d 742 (1998).

Federal questions and the application of federal law are routinely decided in State court claims.   Indeed, the very arguments being raised in this case have been considered by the Virginia Supreme Court in Patterson v. CSX Transportation, Inc. 245 Va 483; 429 SE 2d 215 (1993).   The question whether an employer was negligent under FELA is a question of federal law.   Norfolk Southern Railway Co. v. Trimiew, 253 Va 22, 480 SE 2d 104 (1997); Norfolk Southern Railway, Co. v. Rogers, 270 Va 468, 621 S.E. 2nd 59 (2005).   The mere fact that an issue involves a question of federal law does not invoke jurisdiction in the federal court.   Likewise, in the case of Chesapeake and Ohio Ry Co. v. Schwalb 493 U.S. 40, 110 S. Ct 381, 107 L Ed.2d 278 (1989) the Supreme Court of the United States was asked to consider the decision of the Virginia Supreme Court in Schwalb v. The Chesapeake and Ohio Railway Company 235 Va 27, 365 SE 2d 742 (1998).   The Virginia Supreme Court decided the issue of whether a railroad worker was engaged in maritime employment and, although reversed on appeal, was acceptable procedure for a case involving a railroad worker.   The point is, the State court is sufficiently knowledgeable and has in the past resolved federal questions relating to FELA claims in the ordinary course civil procedure.

This type of jurisdictional conflict has often been addressed in limitation of liability claims pursuant to the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C. § 181-189

("Limitation of Liability Act") and the "savings to suitors" clause of 28 U.S.C. § 41(3); In re

Norfolk Dredging Company v. Wiley, 357 F. Supp 2d 944 (E.D. Va 205); In re Campbell

Transportation Company, 2013 U.S. Dist Lexis 43470 (March 27, 2013).   In each case, the

tension between the savings to suitors clause, allowing a seaman's claim to remain in State court,

and the Limitation of Liability Act has permitted the State court action to proceed.   "It is well

settled that, in certain situations, a claimant must be allowed to pursue his actions outside the

limitation proceeding if he chooses to do so.   In Re Norfolk Dredging, 357 F. Supp at 949.

## CONCLUSION

If Gilbert Bynum was engaged in maritime activity at the time of his accident he is covered

under the LHWCA.   If Gilbert Bynum's occupation was an essential or integral element of the

loading or unloading of a vessel he is covered under the LHWCA.   That determination in a

nonremoval FELA action is a decision properly before for the State court.   The federal district

court lacks jurisdiction to decide the issue of coverage pursuant to the LHWCA case as set forth in

the defendant's Notice of Removal and this claim should be remanded back to the Circuit Court of

the City of Norfolk for further proceedings.

GILBERT BYNUM

By: _____
                    Of Counsel

William D. Breit, Esq. (VSB # 17814)
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Tel: (757) 456-0333/Fax: (757) 456-0002

Steven M. Legum, Esq. (VSB# 14756)
Goldblatt, Cohen & Legum, P.C.
555 E. Main St., Suite 1102
Norfolk, VA 23510
Tel: (757) 627-6225/Fax: (757) 622-3698

## CERTIFICATE OF MAILING

I certify that on this 11th day of July, 2013, I mailed a true and correct copy of the foregoing

**Plaintiff's Brief In Support Of Motion To Remand** via U.S. Mail pursuant to the provisions of

Rule 1:12 of the Rules of the Supreme Court of Virginia as follows:

Daniel R. Warman, Esq. (VSB# 13340)
Danielle M. Kruer, Esq. (VSB# 77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA   23510
*Counsel for Norfolk Southern Railway Company*

_____
William D. Breit

William D. Breit, Esq. (VSB # 17814)
Serious Injury Law Center
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Tel: (757) 456-0333/Fax: (757) 456-0002

Steven M. Legum, Esq. (VSB# 14756)
Goldblatt, Cohen & Legum, P.C.
555 E. Main St., Suite 1102
Norfolk, VA 23510
Tel: (757) 627-6225/Fax: (757) 622-3698

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2013, I will electronically file **Plaintiff's**

**Motion to Remand** with the Clerk of the Court using CM/ECF Systems which will then send a

notification of such filing (NEF) to the following:

Daniel R. Warman, Esq. (VSB# 13340)
Danielle M. Kruer, Esq. (VSB# 77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA 23510
*Counsel for Norfolk Southern Railway Company*

Steven M. Legum, Esq. (VSB# 14756)
Goldblatt, Cohen & Legum, P.C.
555 E. Main St., Suite 1102
Norfolk, VA 23510
Tel: (757) 627-6225
Fax: (757) 622-3698

_____
William D. Breit

William D. Breit, Esq. (VSB # 17814)
Serious Injury Law Center
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
(757) 456-0333
(757) 456-0002 -- Fax

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

GILBERT BYNUM,            )
                        )
     Plaintiff        )
                        )
v.                         )     Civil Action No.: <u>2:13-cv-00373</u>
                        )
NORFOLK SOUTHERN RAILWAY    )
COMPANY,            )
                        )
     Defendant.     )

## MOTION TO DISMISS

COMES NOW the Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), by counsel, and hereby moves this Honorable Court to dismiss the action filed by the Plaintiff, Gilbert Bynum ("Bynum" or "Plaintiff") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and in support thereof states as follows:

1.     Bynum filed this action in the Circuit Court for the City of Norfolk, alleging that he was injured while employed by Norfolk Southern as a railroad worker as defined under the Federal Employer's Liability Act, 45 U.S.C. §51 et. seq (the "FELA"), and that the negligence of Norfolk Southern proximately caused such injury.

2.     Norfolk Southern removed this case to federal court on the basis that Bynum's injury is covered by the Longshore Harbor Workers' Compensation Act, 33 U.S.C. §901 et. seq (the "LHWCA"). "The question of whether the LHWCA applies to a work-related injury is exclusively a federal question which Congress never intended for state courts to resolve." <u>Shives v. CSX Transp., Inc.</u>, 151 F.3d 164, 168 (4th Cir. 1998).

3.     Bynum's injury is covered by the LHWCA because, at the time of his injury,

Bynum was employed at a maritime situs, and in a maritime status.  See Chesapeake & Ohio Ry. Co. v. Schwalb, 493 U.S. 40, 110 S. Ct. 381, 107 L.Ed.2d 278 (1989).

4.    The LHWCA provides the exclusive remedy for covered employees, and coverage thereunder bars a cause of action for negligence pursuant to the FELA. 33 U.S.C. § 905; Chesapeake and Ohio Ry. v. Schwalb, 493 U.S. 40, 42 (1989).

5.    Both district courts and state courts lack subject matter jurisdiction over cases governed by the LHWCA, which are properly filed with the Secretary of Labor.  Therefore, the proper remedy is dismissal, rather than remand.  Shives, 151 F.3d at 171.

6.    Plaintiff has filed herewith and incorporates herein a Memorandum in Support of this Motion.

WHEREFORE Defendant Norfolk Southern Railway Company, prays that the civil action filed by Plaintiff, Gilbert Bynum, be dismissed with prejudice, and for such other and further relief as this Court deems appropriate.

NORFOLK SOUTHERN RAILWAY COMPANY

By: _____ /s/ Daniel R. Warman _____
                     Of Counsel

Daniel R. Warman, Esq. (VSB #13340)
Danielle M. Kruer, Esq. (VSB #77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA  23510
Tel:  (757) 625-1192
Fax: (757) 625-1475
danwarman@aol.com
Counsel for Norfolk Southern Railway Company

### CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2013 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William D. Breit, Esq.
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA  23462
Phone: (757) 456-0333
Fax:    (757) 456-0002
bbreit@seriousinjurylawcenter.com
*Counsel for the plaintiff*

Steven M. Legum, Esq.
Goldblatt, Cohen & Legum, P.C.
555 E. Main Street, Suite 102
Norfolk, VA  23510
Phone: (757) 627-6225
Fax:    (757) 622-3698
melodie@gcl.hrcoxmail.com
*Counsel for the plaintiff*

/s/ Daniel R. Warman

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

GILBERT BYNUM,     )
            )
  Plaintiff      )
            )
v.           )   Civil Action No.: **2:13-cv-00373**
            )
NORFOLK SOUTHERN RAILWAY )
COMPANY,      )
            )
  Defendant.     )
_____)

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), in its Motion to Dismiss, asserts that this Court lacks subject matter jurisdiction over the Plaintiff's injury claim, because his injury is covered by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901 et. seq (the "LHWCA"). This Court may exercise jurisdiction for the purpose of determining whether the LHWCA applies, but not for the purpose of determining liability. Because the Plaintiff, Gilbert Bynum ("Bynum") is an "employee" engaged in "maritime employment" pursuant to the LHWCA, the Secretary of the Department of Labor has original jurisdiction, and the case must be dismissed.

### I.  Procedural Background

Bynum filed this action in the Circuit Court for the City of Norfolk, alleging negligence against Norfolk Southern and seeking a recovery of thirty million dollars ($30,000,000.00) pursuant to the Federal Employer's Liability Act (the "FELA"), 45 U.S.C. §51 et seq. The Complaint further alleged that Bynum was a railroad worker as defined by the FELA. See Complaint ¶ 5. On July 3, 2013, Norfolk Southern filed its Notice of Removal in this Court, and

in the Circuit Court for the City of Norfolk.  The basis for removal was Norfolk Southern's contention that Bynum's injury is covered by the LHWCA, which the Fourth Circuit has held to be a federal question.  See Notice of Removal ¶ 7 (citing Shives v. CSX Transp. Inc., 151 F.3d 164, 167 (4 Cir. 1998).  On July 11, 2013, Bynum filed a Motion to Remand.

Although this Court does not have original jurisdiction over an injury which is covered by the LHWCA, federal courts do have jurisdiction over the exclusively federal question of whether the LHWCA applies.  Shives, 151 F.3d at 167.  Removal is proper to make that determination.  If the Court finds that Bynum's injury is covered by the LHWCA, that Act provides his exclusive remedy through the Department of Labor, and neither this Court nor the state court can reach the question of liability.  The propriety of the removal is discussed in further detail in Norfolk Southern's forthcoming Memorandum in Opposition to Motion to Remand.  Assuming this Court finds that removal is proper, this Memorandum addresses whether Bynum's injury is covered by the LHWCA, thus requiring dismissal for lack of subject matter jurisdiction.

## II.    Factual Background

At the time of his injury and for a year prior thereto, Bynum was a brakeman employed by Norfolk Southern in its Lambert's Point Coal Terminal.  Affidavit of William S. Austin ("Austin Aff.") ¶ 3, Complaint ¶ 6.  Bynum alleges that on November 22, 2010, he incurred injury while walking to retrieve a working radio transmitter, at which time he "tripped and fell on coal dust and debris that had been allowed to accumulate between and aside the railroad tracks, causing him to fall and sustain serious and permanent injuries."  Complaint ¶¶ 7-8.

Bynum's "sole duty" as a brakeman "involved releasing loaded coal cars in the barney yard, which would then roll into the rotary dumper to be dumped onto the conveyor belt, which

takes the coal to the holds of ships." Austin Aff. ¶ 3.  On the date of Bynum's accident, he was engaged in the "gravity assisted" process of loading coal onto the *M/V Mulberry Wilton*.  Austin Aff. ¶ 10.  His role in the loading process was to release coal cars on Track 5, which "were moving directly from the barney yard into the holds of the *M/V Mulberry Wilton* being loaded at [Norfolk Southern] Pier 6."  Austin Aff. ¶ 11.

On November 26, 2010, Norfolk Southern reported Bynum's injury to the Department of Labor.  Affidavit of Joseph Wolsh ("Wolsh Aff.") at ¶ 6; Exhibit A to Wolsh Aff.  On December 6, 2010, Bynum filed a Form LS-201 with the Department of Labor requesting benefits under the LHWCA.  Wolsh Aff. ¶ 7; Exhibit C to Wolsh Aff.  Norfolk Southern has paid a total of $44,560.00 in temporary total disability payments and $179,752.71 in medical benefits to date pursuant to his claim under the LHWCA.  Wolsh Aff. ¶¶ 8-9.

### III.    Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to assert the lack of subject matter jurisdiction by motion.  In responding to a Motion under Rule 12(b)(1), the plaintiff who has invoked the Court's jurisdiction bears the burden of proof.  Johnson v. Portfolio Recovery Assocs., 682 F. Supp. 2d 560, 566 (U.S. Dist. Ct. E.D. Va. 2009) (citation omitted).  In considering the Motion, "the Court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Id. (citing Velasco v. Government of Indonesia, 370 F.3d 392, 398 (4th Cir. 2004).  Nonetheless, the court "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists."  Id. at 566-67 (citing Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

## IV.    Discussion

In cases where the LHWCA provides coverage for an injury, "the remedy provided by that Act is exclusive and resort may not be had to the Federal Employers' Liability Act." Chesapeake and Ohio Ry. v. Schwalb, 493 U.S. 40, 42 (1989). See also 33 U.S.C. § 905. Original jurisdiction for claims pursuant to the LHWCA rests exclusively with the United States Department of Labor, and the district courts of the United States lack original subject matter jurisdiction over such claims. Shives v. CSX Transp. Inc., 151 F.3d 164, 171 (4 Cir. 1998). Therefore, the sole issue raised by Norfolk Southern's Motion to Dismiss is whether Bynum's injury is covered by the LHWCA.

The LHWCA applies to injuries which occur in navigable waters of the United States, including certain adjoining areas, such as a "terminal" or "marine railway." 33 U.S.C. §903. This Supreme Court has termed this provision the "situs" test. Schwalb, 493 U.S. at 45. In addition, the plaintiff must satisfy the "status" test, which requires that the employee is "a person engaged in maritime employment." Id.

A. Bynum's Injury Occurred at a Maritime Situs

The Lambert's Point Coal Terminal is undeniably a maritime situs. It meets the literal definition of a maritime situs in §903 of the LHWCA, which expressly includes a "terminal" or a "marine railway." In Etheridge v. Norfolk & Western Railway Company, 9 F.3d 1087 (4th Cir. 1993), the United States Court of Appeals for the Fourth Circuit noted that the plaintiff had been injured at Lambert's Point, and that all parties to the action agreed that it was a maritime situs. Id. at 1089. In Schwalb, it was undisputed that Norfolk & Western's coal terminal was also a maritime situs. 493 U.S. at 45. The Etheridge Court noted that the Norfolk & Western terminal in Schwalb was "virtually identical" to Lambert's Point. 9 F.3d at 1090. Norfolk Southern asks

the Court to take judicial notice of the fact that Lambert's Point is in fact the same Norfolk &
Western terminal considered in Schwalb, prior to its acquisition by Norfolk Southern.  Similarly,
in Demay v. Norfolk Southern Railway Company, 592 F.3d 907 (8th Cir. 2010) all parties agreed
that Lambert's Point was a maritime situs.  Id. at 913.  Because Lambert's Point is a "terminal"
or "marine railway," included in the statutory definition of navigable waters, and because
numerous courts have treated it as a maritime situs, Lambert's Point satisfies the "situs" test for
LHWCA coverage.

    B.  Bynum Was Employed in a Maritime Status

    In Schwalb, the Supreme Court held that "land-based activity occurring within the §903
situs will be deemed maritime only if it is an integral or essential part of loading or unloading a
vessel."  493 U.S. at 45.  The Fourth Circuit has already decided that a railroad employee
performing the same duties as Bynum was engaged in maritime employment.  Etheridge, 9 F.3d
at 1090-91.  In that case, the plaintiff was a brakeperson in the Barney Yard of Lambert's Point.
Id. at 1088-89.  The Court described the loading process as follows:

> The railroad tracks in the Barney Yard are sloped toward the pier to facilitate
> loading of the ships.  As a result, a brakeperson must set the brakes on railroad
> cars moved into the Barney Yard to prevent them from rolling toward the pier
> prior to loading.  When it is time for the particular car to be loaded, a brakeperson
> releases the brake, and typically, the car will move toward the pier unassisted.

Id.  The Court held that "a brakeperson in the Barney Yard, who initiates the descent of railroad
cars to the pier, begins the loading process and, therefore, engages in employment that is
essential to the loading process."  Id. at 1090.

    The Fourth Circuit's holding in Etheridge applies directly to Bynum.  As a brakeperson
in the Barney Yard, he released the cars, initiating their descent to the pier.  Austin Aff. ¶¶ 3, 10.
Like the brakeperson in Etheridge, Bynum "begins the loading process, and therefore, engages in

employment that is essential to the loading process." Id. at 1090.  Thus at the time of his injury, Bynum was a "person engaged in maritime employment," pursuant to the LHWCA.

It is not relevant that Bynum was retrieving a radio transmitter at the exact moment of his injury, as he alleges in paragraph 7 of the Complaint, rather than releasing a coal car.   The maritime status test is based on occupation, and is intended "to provide continuous coverage throughout their employment to these amphibious workers who, without the 1972 Amendments, would be covered only for part of their activity."  Northeast Marine Terminal Co., Inc. v. Caputo Int'l Terminal Operating Co., 432 U.S. 249, 273, 97 S. Ct. 2348 (1977).

The Fourth Circuit similarly held the LHWCA covers maritime employees "throughout their employment at a maritime situs regardless of the particular activity at the time of injury." Shives v. CSX Transp., Inc., 151 F.3d 164, 169 (4th Cir. 1998) (citing Schwalb, 493 U.S. at 50 (Blackmun, J., concurring)[1].  In Shives, the plaintiff was employed as a carman, which required him to load and unload vessels, as well as railroad cars, at varying times.  151 F.3d at 166.  The plaintiff, Shives, asserted that only 15% of his duties were maritime in nature.  Id. at 170.  At the time of his injury, Shives was engaged in unloading freight from a railcar and loading it into a truck.  Id. at 166.  Although he argued that he was not covered by the LHWCA, the Fourth Circuit concluded that Shives was in fact employed in a maritime status because he was "clearly assigned to do some indisputably longshore work. . . ."  Id. at 170.

Bynum is undoubtedly employed in a maritime status, despite the fact that his injury may have occurred while he was retrieving a radio.  Whereas Shives' duties, comprising only 15%

---

[1] The phrasing of the Supreme Court's holding in Schwalb is somewhat confusing in this regard, stating that "[e]mployees who are injured on the situs *while* performing these essential functions are covered by the LHWCA." 493 U.S. at 48 (emphasis supplied).  However, the concurrence clarified the holding, stating that "it is not essential to our holding that the employees were injured while actually engaged in these tasks. They are covered by LHWCA even if, at the moment of injury, they had been performing other work that was not essential to the loading process." Id. at 49 (Blackmun, J., concurring).  In Shives, the Fourth Circuit followed the Schwalb concurrence for this proposition.  151 F.3d 169.

undisputably maritime work, were sufficient to satisfy the status test, Bynum's "sole duty" of releasing coal cars for loading has already been held by the Fourth Circuit to be maritime employment. See Etheridge, 9 F.3d a 1090; Austin Aff. ¶ 3. Retrieving a radio was incidental to Bynum's maritime duties, and even if such incidental tasks consumed a significant percentage of his time, Bynum's duties as a brakeperson, releasing coal cars in the Barney Yard, clearly satisfy the status test.

C.   The Proper Remedy for Lack of Subject Matter Jurisdiction over Injuries Covered by the LHWCA is Dismissal

Upon resolving the federal question of whether the LHWCA applies, this Court lacks subject matter jurisdiction to make a liability determination. Because Bynum's injury occurred at a maritime situs, while he was engaged in maritime employment, his injury is covered by the LHWCA, and his FELA claim is barred by the exclusivity provision of 33 U.S.C. § 905. Likewise, state courts have no jurisdiction over injuries covered by the LHWCA. The Department of Labor has exclusive original jurisdiction over Bynum's claim, and has in fact been exercising jurisdiction over his claim for benefits for over two years.

The proper remedy is dismissal. In Shives, the Fourth Circuit similarly held that the plaintiff's FELA claim was barred by the LHWCA, and that the Department of Labor had exclusive jurisdiction. 151 F.3d at 171.[2] The Court held that the district could neither remand to state court, nor make a liability determination itself. The Fourth Circuit held that the proper remedy for lack of subject matter jurisdiction over an injury covered by the LHWCA is dismissal, and this Court is bound by that holding. Id. This case must be dismissed.

---

[2] After determining that the LHWCA applied, the Fourth Circuit called this situation a "procedural conundrum," stating that neither the district court nor the state court had original jurisdiction over the claim. 151 F.3d at 171. It determined that the district court should not have remanded it to state court because it "would be committing the federal question of LHWCA coverage to the state court when Congress intended that it be decided exclusively in federal court." Id. The Fourth Circuit concluded that dismissal was the only proper remedy. Id.

### III.    Conclusion

For the foregoing reasons, both this Court and the state court lack subject matter jurisdiction over Bynum's claim.  There is no issue of material fact regarding Bynum's employment at a maritime situs, and in a maritime status, at the time of his injury.  Norfolk Southern respectfully requests that this Court find that Bynum's injury is covered by the LHWCA, and dismiss the Complaint with prejudice.

NORFOLK SOUTHERN RAILWAY COMPANY


By:  _____ /s/ Daniel R. Warman _____
                    Of Counsel


Daniel R. Warman, Esq. (VSB #13340)
Danielle M. Kruer, Esq. (VSB #77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA  23510
Tel:  (757) 625-1192
Fax: (757) 625-1475
danwarman@aol.com
*Counsel for Norfolk Southern Railway Company*


### CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2013 I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William D. Breit, Esq.
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA  23462
Phone: (757) 456-0333
Fax:    (757) 456-0002
bbreit@seriousinjurylawcenter.com
*Counsel for the plaintiff*

Steven M. Legum, Esq.
Goldblatt, Cohen & Legum, P.C.
555 E. Main Street, Suite 102
Norfolk, VA  23510
Phone: (757) 627-6225
Fax:    (757) 622-3698
melodie@gcl.hrcoxmail.com
*Counsel for the plaintiff*

_____/s/ Daniel R. Warman_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| **GILBERT BYNUM,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 2:13-cv-00373** |
| | ) | |
| **NORFOLK SOUTHERN RAILWAY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## AFFIDAVIT OF WILLIAM S. AUSTIN

COMMONWEALTH OF VIRGINIA

City of Norfolk, to-wit:


Now comes  WILLIAM S. AUSTIN, on this _15th_ day of _July_ , 2013, and swears and avers as follows:

1. On Monday, November 22, 2010,  I was employed as the Pier Master at Norfolk Southern's Lambert's Point Coal Loading Facility.

2. I am aware of the accident involving Gilbert Bynum, III, which is the subject of this lawsuit.  I was his supervisor at the time of the accident.

3. At the time of his accident, Gilbert Bynum, III was working as a brakeman in the barney yard.  His job duties for the year leading up to the date of the accident involved releasing brakes on loaded coal cars in the barney yard, which would then roll down the hill to the Barney Pit where they would then be pushed up the incline into the rotary dumper to be dumped onto the conveyor belt, which takes the coal to

Page **1** of **4**

the holds of ships.  This was Mr. Bynum's sole job duty on the date of the accident, and had been his sole job for one year before.

4.  The only purpose of the barney yard is to stage and move loaded coal cars into the rotary dumper.  The only purpose of Lambert's Point Coal Loading Facility is to load coal upon oceangoing vessels.

5.  Prior to the loading of any vessel, a permit is issued by Norfolk Southern for the ship, describing the tonnage and number of coal cars for the vessel.  The shipper, working with NS, identifies the locations from which the coal will be shipped, the class of coal, and the amount of coal, as well as the date desired for loading the vessel.  This dictates when coal will be brought to the Lambert's Point Coal Loading Facility.

6.  Before the ship is loaded, a mix order will be requested.  The mix order determines the specific blend of different types of coal, designated by class name, which will be needed for the vessel.

7.  Once the vessel is docked at the pier, the Ship Agent and Captain will provide to the Pier Master a hatch count and loading sequence.  This advises the Pier Master how many cargo holds are to be loaded, tonnage for each, and in what sequence.  The mix order and loading sequence are provided by the Pier Master to the Yard Master.  The Yardmaster will then classify the coal by class and take to the Barney Yard, staging it as the loading sequence and mix requires.

8.  On the date of his accident, Mr. Bynum was a brakeman taking direction from the barney yard foreman to load coal onto the vessel *M. V. Mulberry Wilton.*  The vessel *M. V. Mulberry Wilton* was located at N. S. Pier 6.

9. Mr. Bynum was assigned to barney yard Track 5. Barney yard Tracks 3, 5 and 7 were being utilized to achieve the correct mix of coal for the *M. V. Mulberry Wilton*.

10. The coal mix would be achieved by the barney yard foreman advising the individuals assigned to Tracks 3, 5 and 7 to release cars of coal to roll down the incline in the barney yard by the loading sequence and dump order (mix) to be loaded directly into the *M. V. Mulberry Wilton*. The loading process in the barney yard is gravity assisted. As a coal car is released by the brakeman assigned to his respective track, in this case Tracks 3, 5 and 7, all containing different types of coal, the cars will roll down a slight incline over a weigh-in-motion scale which weighs the coal, before it rolls to a stop in the barney pit, at which point a device known as a barney mule will shove the cars up the incline to the rotary dumper, which once engaged will turn the car over dumping the coal on a conveyor belt which carries the coal directly to the hold of the ship.

11. The coal cars on Track 5 being released by Gilbert Bynum, III were moving directly from the barney yard into the holds of the *M. V. Mulberry Wilton* being loaded at N. S. Pier 6.

12. I have firsthand knowledge of the facts and circumstances set forth in this Affidavit. And further this Affiant saith not . . .


**SIGNATURES AND SEALS APPEAR ON THE FOLLOWING PAGE**


Page 3 of 4

**WITNESS** the following signature, as of the date first above written:

WILLIAM S. AUSTIN

I _Donnie R. Bishop_ , a Notary Public in and for the Commonwealth of Virginia at Large, do hereby acknowledge that on the _15th_ day of _July_ , 2013, WILLIAM S. AUSTIN appeared before me and signed the foregoing Affidavit under oath.

Notary Public

AFFIX NOTARY SEAL
My Commission Expires: _12/31/2016_
Registration Number: _7821092_



Page **4** of **4**

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | | |
|---|---|---|
| **GILBERT BYNUM,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 2:13-cv-00373** |
| | ) | |
| **NORFOLK SOUTHERN RAILWAY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT OF JOSEPH WOLSH

COMMONWEALTH OF VIRGINIA

City of Norfolk, to-wit:

Now comes JOSEPH WOLSH, on this _15th_ day of _July_, 2013, and swears and averse as follows:

1.  I am the District Claim Agent for Norfolk Southern Corporation for the Norfolk District Office. Norfolk Southern Railway Company is an operating subsidiary of Norfolk Southern Corporation. My office is responsible for investigating accidents involving individuals employed by Norfolk Southern Railway Company, including any such accidents which may occur at its Lambert's Point Coal Terminal.

2.  My office is physically located at the Lambert's Point Coal Terminal. Lambert's Point Coal Terminal is the largest coal loading facility in the United States. Its sole purpose is to load coal onto oceangoing vessels.

Page 1 of 4

3. Lambert's Point Coal Terminal is comprised of Pier 6, where ships are actually docked and loaded; the CT yard, where loaded coal cars are stored prior to being moved to the barney yard by locomotive; the barney yard, where loaded cars are released one by one to roll to the dumper onto the ship; and the empty yard, into which cars roll after being unloaded and where they are coupled to road engines for return trips to the coal mines.

4. From the barney yard, loaded cars of coal are released one by one and rolled down an incline into one of two rotary dumpers.  The dumper is able to rotate the coal car 180 degrees and dump the coal onto conveyors, which move the coal onto Pier 6 for deposit into the holds of coal ships.

5. Although individual Norfolk Southern  employees working at Lambert's Point are railroad workers, injuries at Lambert's Point are routinely handled under the provisions of the Longshore and Harbor Workers' Compensation Act, as administered through the Department of Labor.

6. In this instance Mr. Bynum's accident and injury were promptly reported to the United States Department of Labor  (See attached Exhibit A, LS-202, "Employer's First Report of Injury or Occupational Illness" dated November 26, 2010).  The Department of labor then assigned OWCP File No. 05-132157 to this claim.  (See attached Exhibit B)

7. Mr. Bynum signed a Form LS-201, "Notice of Employee's Injury or Death," dated December 1, 2010 , claiming left distal fibula fracture and right knee dislocation, and requesting, "the employer named in item 7" (Norfolk Southern Corp) "to provide me appropriate compensation and medical care for my injury, and I hereby make claim

Page **2** of 4

for all benefits to which I may be entitled under the Longshore and Harbor Workers' Compensation Act, or a related law." (See attached Exhibit C)

8. Norfolk Southern has accepted Mr. Bynum's injury under the Longshore Act and is paying him temporary total disability benefits pursuant to 33 U.S.C. Sec. 908(b). He is currently being paid $327.65 per week, based on an average weekly wage of $491.48 per week (See attached Exhibit D, "LS-206, Payment of Compensation Without Award"). Temporary total disability payments to date total $44,560.00.

9. Mr. Bynum is being paid medical benefits under the terms of 33 U.S.C. Sec. 907. Medical benefits paid to date total $179,752.71. Mr. Bynum has also exercised his free choice of physician under the terms of the Longshore Act, selecting Dr. Arthur Wardell as his treating physician. Mr. Bynum continues to be treated by Dr. Arthur Wardell, and this treatment continues to be paid for by the Employer under the terms of the Longshore Act.

10. Mr. Bynum's claim filed with the United States Department of Labor pursuant to the LHWCA has not been appealed for enforcement or review, and is not before this Court.

And further this Affiant saith not . . .

**SIGNATURES AND SEALS APPEAR ON THE FOLLOWING PAGE**

Page 3 of 4

**WITNESS** the following signature, as of the date first above written:

JOSEPH WOLSH

I _Donnie A. Bishop_, a Notary Public in and for the Commonwealth of Virginia at Large, do hereby acknowledge that on the _15th_ day of _July_, 2013, JOSEPH WOLSH appeared before me and signed the foregoing Affidavit under oath.

Notary Public

AFFIX NOTARY SEAL
My Commission Expires: _12/31/2016_
Registration Number: _7521092_

DONNIE R. BISHOP
COMMONWEALTH
REGISTRATION NO.
7521092
MY COMM. EXPIRES
12/31/2016
OF VIRGINIA
NOTARY PUBLIC

Page **4** of **4**

**Employer's First Report of Injury or Occupational Illness**
See instructions on reverse - Leave Items 1 and 2 blank

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs

OMB No. 1215-0031

| 1. OWCP No. | 2. Carrier's No. 10003950 | 3. Date and Time of Accident Mo. 11 Day 22 Yr. 2010 Hour 2:00 AM/PM |
|---|---|---|

4. Name of Injured/Deceased Employee (Type or print - first, M.I., last): Gilbert Bynum, III   Telephone

5. Employee's Address (No., street, city, state, ZIP code): 501 Nottingham Rd, Portsmouth, VA 23701

6. Injury is Reported Under the Following Act (Mark one)
A. [X] Longshore and Harbor Workers Compensation Act
B. [ ] Defense Base Act
C. [ ] Nonappropriated Fund Instrumentalities Act
D. [ ] Outer Continental Shelf Lands Act

7. Indicate Where Injury Occurred (Longshore Act only) (Mark one)
A. [ ] Aboard Vessel or Over Navigable Waters
B. [ ] Pier/Wharf
C. [ ] Dry Dock
D. [ ] Marine Terminal
E. [ ] Building Way
F. [X] Marine Railway
G. [ ] Other Adjoining Area

8. Sex [X] M [ ] F
9. Date of Birth 07-22-1975
10. Social Security No. (Required by Law) 213-11-131-916819
11. Did Injury Cause Death? [X] No [ ] Yes - If yes, skip to 16
12. Did Injury Cause Loss of Time Beyond Day or Shift of Accident? [X] Yes [ ] No
13. Date and Hour Employee First Lost Time Because of Injury Mo. 11 Day 22 Yr. 2010 Hour 2 AM/PM

14. Did Employee Stop Work Immediately? [X] Yes [ ] No
15. Date and Hour Employee Returned to Work NA
16. Was Employee Doing Usual Work When Injured/Killed? (If no, explain in item 26) [X] Yes [ ] No

17. Did Injury/Death Occur on Employer's Premises? [X] Yes [ ] No
18. Dept. in Which Employee Normally Works(ed): Transportation
19. Occupation: Brakeman

20. Date and Hour Pay Stopped: 11-22-10 7 AM
21. Which Days Usually Worked Per Week? (Mark X days) [X] S [X] M [ ] T [ ] W [X] X [X] X
22. Date Employer or Foreman First Knew of Accident: 11-22-10

23. Wages or Earnings (Include overtime, allowances, etc.)
a. Hourly $
b. Daily $
c. Weekly $
d. Yearly $25,556.85

24. Exact Place Where Accident Occurred: Marine railway - Barney Yard Lamberts Point - Between Tracks 4 & 5.

25. How was Knowledge of Accident or Occupational Illness Gained? Co-worker was told of incident.

26. Describe in full How the accident occurred: MR. Bynum was walking between tracks 4 & 5 when he fell to the ground - resulting in injuries to his left ankle and right knee

27. Nature of Injury: Fractured left fibula  Dislocated right knee

28. Has Medical Attention Been Authorized? [X] Yes [ ] No
29. Enter Date of Authorization 11-22-10
30. Was First Treating Physician Chosen by Employee? [X] Yes [ ] No
31. Has Insurance Carrier Been Notified? [X] Yes [ ] No

32. Physician: NA   Address: John Fletcher
33. Hospital: Sentara- Norfolk General   2200 Redgate Ave
34. Insurance Carrier: Self-Insured.   Norfolk, VA 23507
35. Employer: Norfolk Southern Railway Company
36. Nature of Employer's Business: Railroad
37. Signature of Person Authorized to Sign for Employer
38. Official Title of Person Signing This Report: District Claim Agent
39. Date of This Report: 11-26-10

Form LS-202

EXHIBIT 4

**U. S. Department of Labor**
**Employment Standards Administration**
**Division of Longshore and Harbor Workers' Compensation**
Federal Building, Room 212
200 Granby Mall Telephone #: (757)-441-3071
Norfolk, VA 23510

Norfolk Southern Railway Company
c/o Norfolk Southern Corp.
Three Commercial Place
Norfolk, VA 23510-9240

This office has received a notice of injury concerning the employees whose name, date of injury and assigned  claim number appear below.

You are requested to include the assigned claim number on all correspondence forwarded to this office

| Injured Employee | Date of Injury | Claim# | Employer Name |
|---|---|---|---|
| Gilbert Bynum III | 11/22/2010 | 05-132157 | Norfolk Southern |

Page 1 of 1

**EXHIBIT**

**B**

Notice of Employee's Injury or Death
Longshore and Harbor Workers' Compensation Act,
As Extended (See instructions on reverse)

Case 2:13-cv-00373-RBS-RJL    Document 10-3    Filed 06/18/13    Page 7 of 8 PageID# 64

U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs

This form should be furnished by the employer to any employee covered by the Longshore and Harbor Workers' Compensation Act or a related law who reports an occupational injury or illness to his/her employer. This form is used to provide written notice of an injury or death. Notice is required to obtain a benefit (20 CFR 702.212). The information will be used to determine entitlement to benefits. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

OMB No. 1215-0160

| 1. Employee's Name (Last, first, middle) | 2. Home Mailing Address (Number, street, city, state, ZIP code) |
|---|---|
| Bynum Gilbert | 501 Nottingham Rd. Portsmouth, VA 23701 |

| 3. Date of Birth (Month, day, year) | 4. Sex | 5. Social Security Number (Required by Law) | 6. Home Telephone |
|---|---|---|---|
| 07-22-1975 | ☑ Male ☐ Female | 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 | Area Code (757) 714-8137 / 757-405-3645 |

| 7. Name and Address of Employer (Number, street, city, state, ZIP code) | 8. Employee's Job Title |
|---|---|
| Norfolk Southern Corp Attn: John Fletcher 2200 Redgate Ave Norfolk, VA 23507 | Brakeman |

| 9. Date of Injury (Month, day, year) | 10. Hour of Injury | 11. Place Where Injury Occurred |
|---|---|---|
| 11-22-10 | 2:00 ☑ AM ☐ PM | Lambert's Point, Norfolk, VA |

| 12. Name of Supervisor at Time of Injury | 13. Did Employee Stop Work Due to Injury? | 14. If Yes, Date Stopped |
|---|---|---|
| Mark Burke | Yes | 11-22-10 |

15. Cause of Injury (Explain in what way the injury or occupational illness was caused by employment)

Fall or stumble while walking.

16. Effects of Injury (Indicate parts of body affected or if death occurred)

Left distal fibula fx
Right knee dislocation

▶ NOTE: If reporting injury, employee signs Item 17; if reporting death, claimant or representative signs Item 18 ◀

17. I am requesting the employer named it Item 7 to provide me appropriate compensation and medical care for my injury, and I hereby make claim for all benefits to which I may be entitled under the Longshore and Harbor Workers' Compensation Act, or a related law.

| Signature of Employee | Date 12/1/10 |
|---|---|

18. Request is hereby made to the employer named in Item 7 to provide appropriate death benefits to the survivors of the employee named in Item 1, and a claim is hereby made for those death benefits to which these survivors may be entitled under the Longshore and Harbor Workers' Compensation Act, or a related law.

| Signature of Compensation Claimant or Representative of Claimant | Date |
|---|---|

19. This notice is being personally delivered, or mailed, to the employer named in Item 7 (or his/her representative) and a copy is being sent to the District Director of the Office of Workers' Compensation Programs by the party named in either Item 17 or 18 on this date.

| | Date |
|---|---|

**IMPORTANT NOTICE**

Section 31(a)(1) of the Longshore and Harbor Workers' Compensation Act , 33 U.S.C. 931(a)(1), provides as follows: Any claimant or representative of a claimant who knowingly and willfully makes a false statement or representation for the purpose of obtaining a benefit or payment under this Act shall be guilty of a felony, and on conviction thereof shall be punished by a fine not to exceed $10,000, by imprisonment not to exceed five years, or by both.

EXHIBIT

C

Form LS-201

**Payment Of Compensation Without Award**
(Longshore and Harbor Workers' Compensation Act, as extended)

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs



OMB No. 1215-0022

**NOTE:** This Notice is to be filed with the District Director when the first payment is made. A copy should be sent to the person to whom compensation was paid. This report is mandatory (33 U.S.C. 914(c)). Failure to report may result in delays in the delivery of benefits. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

**FOR OFFICE USE**
1. OWCP No.

2. CARRIER'S No.
10003950

3. Name of injured person (First, middle, last - please print or type)

Gilbert Bynum III

4. Address of injured person (Number, street, city, state and ZIP code)

501 Nottingham Rd
Portsmouth, VA 23701

5. Date of accident or first illness (Month, day, year)

11-22-2010

6. Date disability began (Month, day, year)

11-23-2010

7. Name of injured, or dependents of injured, to whom compensation will be paid

Gilbert Bynum III

8.

Average weekly wage   $ 491.48    multiplied by 2/3 = compensation rate   $ 327.65
(Mark if maximum rate is being paid)    Yes

9. Compensation will be paid from - Enter month, day, year.

11-23-10 -

until notice is given that payment has been stopped or suspended

10. Date of first payment (Month, day, year.)

12-07-10

11. Has medical care and treatment been provided by a physician or hospital chosen by the injured person?
(Mark appropriate box)    ☒ Yes  ☐ No

12. Name of employer

Norfolk Southern Railway Company

13. Address of employer (Number, street, city, state and ZIP code)

2200 Redgate Ave
Norfolk, VA 23507

14. Name of insurance carrier

Self-Insured.

15. Authorized signature

John Fletcher

16. Title of person whose signature appears in item 15

District Claim Agent

17. Date signed

12-07-10

**EXHIBIT D**

**Public Burden Statement**

We estimate that it will take an average of 15 minutes to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Division of Longshore and Harbor Workers' Compensation, U.S. Department of Labor, 200 Constitution Avenue

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | | |
|---|---|---|
| **GILBERT BYNUM,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | Civil Action No.: <u>2:13-cv-00373</u> |
| | ) | |
| **NORFOLK SOUTHERN RAILWAY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### <u>NOTICE OF REQUEST FOR HEARING</u>
### <u>ON MOTION TO DISMISS</u>

PLEASE TAKE NOTICE that the Defendant, Norfolk Southern Railway Company, by

counsel, hereby requests a hearing in accordance with Local Rule 7 on its Motion to Dismiss

filed in this matter on July 15, 2013.

Respectfully submitted this 18th day of July, 2013.

NORFOLK SOUTHERN RAILWAY COMPANY


By: _____/s/ Danielle M. Kruer_____
Of Counsel


Daniel R. Warman, Esq. (VSB #13340)
Danielle M. Kruer, Esq. (VSB #77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA 23510
Tel: (757) 625-1192
Fax: (757) 625-1475
danwarman@aol.com
*Counsel for Norfolk Southern Railway Company*


1 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2013 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William D. Breit, Esq.
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA  23462
Phone: (757) 456-0333
Fax:    (757) 456-0002
bbreit@seriousinjurylawcenter.com
*Counsel for the plaintiff*

Steven M. Legum, Esq.
Goldblatt, Cohen & Legum, P.C.
555 E. Main Street, Suite 102
Norfolk, VA  23510
Phone: (757) 627-6225
Fax:    (757) 622-3698
melodie@gcl.hrcoxmail.com
*Counsel for the plaintiff*

_____/s/ Danielle M. Kruer_____

2 of 2

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

**GILBERT BYNUM,**

      **Plaintiff,**

    **v.**                                                  **Case No. 2:13-cv-373**

**NORFOLK SOUTHERN RAILWAY
COMPANY,**

      **Defendant,**

## NOTICE OF REQUEST FOR HEARING
## ON PLAINTIFF'S MOTION TO REMAND

PLEASE TAKE NOTICE that the Plaintiff, Gilbert Bynum, by counsel, hereby requests a

hearing in accordance with Local Rule 7 on its Motion to Remand filed in this matter on July 15,

2013.

Respectfully submitted this 18th day of July, 2013

GILBERT BYNUM

By____ /s/ William D. Breit_____
Of Counsel

William D. Breit, Esq. (VSB # 17814)
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Tel: (757) 456-0333
Fax: (757) 456-0002

–1–

Steven M. Legum, Esq. (VSB# 14756)
Goldblatt, Cohen & Legum, P.C.
555 E. Main St., Suite 1102
Norfolk, VA 23510
Tel: (757) 627-6225
Fax: (757) 622-3698

### <u>CERTIFICATE OF MAILING</u>

I hereby certify that on this 18th day of July, 2013, I electronically file the foregoing document with the Clerk of the Court using CM/ECF System which will then send a notification of such filing   (NEF) to the following:

Daniel R. Warman, Esq. (VSB# 13340)
Danielle M. Kruer, Esq. (VSB# 77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA   23510
*Counsel for Norfolk Southern Railway Company*

                                        /s/ William D. Breit
                                 _____
                                        William D. Breit

William D. Breit, Esq. (VSB # 17814)
Serious Injury Law Center
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
(757) 456-0333
(757) 456-0002 – Fax

Steven M. Legum, Esq. (VSB# 14756)
Goldblatt, Cohen & Legum, P.C.
555 E. Main St., Suite 1102
Norfolk, VA 23510
Tel: (757) 627-6225
Fax: (757) 622-3698

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

GILBERT BYNUM,

     **Plaintiff,**

  v.                                                   **Case No. 2:13-cv-373**

NORFOLK SOUTHERN RAILWAY
COMPANY,

     **Defendant,**

### PLAINTIFF'S MEMORANDUM IN OPPOSITION
### TO DEFENDANTS MOTION TO DISMISS

### <u>INTRODUCTION</u>

The Plaintiff filed this action alleging injuries while in the scope of his employment with the railroad under the Federal Employer Liability Act, 45 U.S.C. § 51 et seq. ("FELA"). Plaintiff's Motion to Remand the Complaint back to the Circuit Court of the City of Norfolk pursuant to 28 U.S.C. § 1445 (a) is presently pending.   The defendant's Motion to Dismiss, filed herein, concedes the district court does not have jurisdiction to decide this case under the original jurisdiction provisions of 28 U.S.C. § 1441 (a). (See Defendant's Brief, Page 4)   The defendant instead attempts to have the District Court do indirectly what it cannot do directly, that is accept jurisdiction to determine the exclusivity provisions of the Longshore and Harbor Worker Act, (LHWCA).   Because the defendant cannot establish jurisdiction in the federal court, this action must be remanded to the Circuit Court of the City of Norfolk.

## ARGUMENT

The defendant's argument, simply stated, is that the railroad wishes to remove this case to federal court solely for the purpose of having the case dismissed, even though the district court does not have original jurisdiction pursuant to 28 U.S.C. § 1441 (a) to hear the issue and railroad cases are not removable pursuant to 28 U.S.C. § 1445 (a).   The question of the exclusivity provision of the LHWCA are issues be properly to be decided by the state court on remand.

Pursuant to the Federal Rule of Civil Procedure 56 (c) Summary Judgment "shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law".   Fed R. Civ. P. 56 (c). Summary judgment is not available until the district court has jurisdiction to hear the matter and thereafter determines there are no material facts in dispute.

Plaintiff does not concede that the exclusivity provisions of the LHWCA apply in this case. 33 U.S.C. § 905 (a) does not bar an employee from maintaining a negligence action under § 905 (b) against his employer if the employer owns the vessel that caused his injury.   Suits against the employer are permitted when the employer is being sued in the capacity of vessel owner, rather than employer.   *Jones & Laughlin Steel Corp. v. Pfeifer,* 462 U.S. 523, 531-32, 103 S. CT 2541 (1983). The courts have not decided whether a railroad worker may sue his employer under 33 U.S.C. § 905 (a) in its railroad capacity, where as in this case, the defendant admits Bynum was retrieving a radio transmitter at the time of his injury.

The LHWCA and FELA are mutually exclusive.   Bynum's employer has the right of offset against any FELA judgment he may obtain.   *Freeman v. Norfolk & Western Railway*, 596 F 2nd 1205 (1979). The purpose of the exclusivity provision of the LHWCA is to prevent a double recovery that is not an issue in this case.   The LHWCA, for example, would not preclude a railroad worker from filing an ERISA claim against the railroad or bringing an action for benefits

–2–

under the Railroad Retirement Act.

The defendant incorrectly concludes the state court has no jurisdiction over injuries covered by the LHWCA (Defendant's Brief Page, 7).   The state court has no jurisdiction over the payment of compensation for injuries sustained under the LHWCA, but it does have jurisdiction to decide a "Plea in Bar" in a railroad case and the "application" of the exclusivity provisions of 33 U.S.C. § 905 (a).

## CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss should be denied, the case remanded back to the Circuit Court of the City of Norfolk, and the Plaintiff have such further relief as the Court may deem appropriate.

GILBERT BYNUM

By:  ____/s/ William D. Breit_____

Of Counsel

William D. Breit, Esq. (VSB # 17814)
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Tel: (757) 456-0333/Fax: (757) 456-0002

Steven M. Legum, Esq. (VSB# 14756)
Goldblatt, Cohen & Legum, P.C.
555 E. Main St., Suite 1102
Norfolk, VA 23510
Tel: (757) 627-6225/Fax: (757) 622-3698

## CERTIFICATE OF MAILING

I hereby certify that on this 18th day of July, 2013, I electronically file the foregoing document with the Clerk of the Court using CM/ECF System which will then send a notification of such filing   (NEF) to the following:

Daniel R. Warman, Esq. (VSB# 13340)
Danielle M. Kruer, Esq. (VSB# 77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA   23510
*Counsel for Norfolk Southern Railway Company*

/s/ William D. Breit
William D. Breit

–4–

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| GILBERT BYNUM, | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| **v.** | )    Civil Action No.: <u>2:13-cv-00373</u> |
| | ) |
| NORFOLK SOUTHERN RAILWAY | ) |
| COMPANY, | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## <u>MEMORANDUM IN OPPOSITION TO</u>
## <u>MOTION TO REMAND</u>

The removal of this action is based on federal question jurisdiction, specifically whether the Plaintiff, Gilbert Bynum ("Bynum"), is a covered employee under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901 et. seq (the "LHWCA"). While state courts may decide this question in state actions in which removal jurisdiction is not invoked, we are instructed by the Fourth Circuit that it is also proper to remove a case to a United States District Court for decision on this very issue. Further, such an exercise of this Court's removal jurisdiction serves the recognized objectives of achieving uniformity in the admiralty law generally, and in the application of the LHWCA in particular.

### I.     Procedural Background

Bynum filed this action in the Circuit Court for the City of Norfolk, alleging negligence against Norfolk Southern Railway Company ("Norfolk Southern") for a work-related injury, and seeking a recovery of thirty million dollars ($30,000,000.00) pursuant to the Federal Employer's Liability Act (the "FELA"), 45 U.S.C. §51 et seq. On July 3, 2013, Norfolk Southern filed its Notice of Removal in this Court, and in the Circuit Court.

On July 15, 2013, Bynum filed the Motion to Remand herein opposed.  On the same day, Norfolk Southern filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction.  The latter Motion also addresses coverage under the LHWCA and the related issue of the proper remedy for cases improperly filed under the FELA.  Norfolk Southern submits that the Court should decide that Motion in the event that removal is proper and this Motion for Remand is denied.

## II.    Legal Standard

A state court civil action which asserts that an employee is covered by the FELA is removable to a United States District Court to decide whether the action is barred by the LHWCA.  See CSX Transp. Inc. v. Shives, 151 F.3d 164 (1998).   If Bynum is a covered employee under the LHWCA, that Act provides his exclusive remedy, and his FELA action is barred.  33 U.S.C. § 905(a).  Conversely, if Bynum's injury is not covered by the LHWCA, this case was properly filed pursuant to the FELA and should be remanded to state court.

A. Removal Jurisdiction is Proper to Resolve the Federal Question of LHWCA Coverage

This Court's removal jurisdiction is invoked solely to address the "threshold question" of whether Bynum is covered by the LHWCA, which the Fourth Circuit has held to be "exclusively a federal question which Congress never intended for state courts to resolve." Shives, 151 F.3d at 167.  Although Norfolk Southern does not dispute that 28 U.S.C. §1445(a) prevents removal of an FELA action filed in state court, it has not removed this case to litigate Bynum's FELA claim, but to determine whether that claim is barred.  Further, Norfolk Southern does not argue that Bynum's claim is barred simply because he "accepted" LHWCA benefits," as Bynum asserts.  See Memorandum in Support at 1.  On the contrary, it is not *acceptance* of benefits that bars an FELA claim, see Freeman v. Norfolk & Western Ry. Co., 596 F.2d 1205 (4th Cir. 1979) (acceptance of benefits is not an election of remedies), but rather a judicial determination that an

2 of 10

employee is covered under the LHWCA.  That determination is a federal question.

Removal is proper pursuant to the Fourth Circuit's holding in <u>Shives</u>.  The motion to remand which the Fourth Circuit reviewed in <u>Shives</u> is on all fours with Bynum's motion in the case at bar.  Like Bynum, the plaintiff in <u>Shives</u> had filed his state court action pursuant to the FELA, and the railroad removed the case on the basis that it was barred by the LHWCA.  151 F.3d at 166.  Bynum attempts to distinguish <u>Shives</u>, arguing that <u>Shives</u> was "not a FELA claim but rather a claim for federal workers' compensation."  Brief in Support at 2.  However, Bynum's characterization of <u>Shives</u> is taken out of context.  The Fourth Circuit stated as follows:

> CSXT claimed that this was not an FELA claim but rather a claim for *federal workers compensation under the LHWCA* because Shives was engaged in maritime employment at the time of his injury.  It therefore removed this case to federal court under 28 U.S.C. §1441(b) based on federal question jurisdiction . . . .

<u>Id</u>. at 166-67 (emphasis supplied).   Norfolk Southern's contention here is identical to that of CSX in <u>Shives</u>, in that Bynum has not properly filed an FELA claim; rather his claimed injury entitles him only to *federal workers compensation* under the LHWCA.  The Fourth Circuit's holding in <u>Shives</u> clearly allows this Court to reach the federal question of LHWCA coverage.

The Eighth Circuit has also upheld a district court's determination of whether removal was proper based on LHWCA coverage.  <u>Demay v. Norfolk Southern Ry. Co.</u>, 592 F.3d 907 (8th Cir. 2010).  In <u>Demay</u>, the Eighth Circuit reviewed the district court's decision to remand a case filed under the FELA. <u>Id</u>.  In that case, the Eighth Circuit did not hold that the district court lacked jurisdiction to determine whether the LHWCA applied, but rather affirmed the order remanding the case after fully reviewing the facts and concluding that the plaintiff was not covered by the LHWCA.  <u>Id</u>. at 914-15.

    B.  <u>Removal Jurisdiction Over the LHWCA Coverage Question Promotes Uniformity</u>

This Court's exercise of removal jurisdiction is necessary to preserve uniformity in

admiralty law, and in the application of the LHWCA.  Since 1917, the Supreme Court has

recognized the need for uniformity in providing compensation to injured maritime workers.

Southern Pacific Co. v. Jensen, 244 U.S. 205, 217, 37 S. Ct. 524, 61 L. Ed. 1086 (1917) (In

determining whether New York's Compensation Law could apply to a worker injured on a

barge, the Court observed that "[t]he necessary consequence would be destruction of the very

uniformity in respect to maritime matters which the Constitution was designed to establish.").

Later, in Northeast Marine Terminal Company, Inc. v. Caputo, 432 U.S. 249, 276, 97 S.Ct. 2348,

53 L.Ed.2d 320 (1977), the Court rejected a construction of the LHWCA which did not "comport

with the Act's [. . .] desire for uniformity."  Thus, the LHWCA must be applied in a manner

which promotes the admiralty principle of uniformity.  In Shives, the Fourth Circuit determined

that to decline to address the LHWCA coverage issue

> would commit to the state courts the decision of whether the LHWCA provided
> coverage to the employee.  To follow that course would thus deprive the federal
> courts of their proper role in resolving this important issue and would circumvent
> Congress's intent that LHWCA coverage issues be resolved in the first instance
> by the Department of Labor and ultimately in the federal courts of appeals.

Id. at 167.

Likewise, to remand Bynum's claim would allow the state court to apply its own

interpretation of the LHWCA, which is at odds with that of the Fourth Circuit.  In Shives, the

Fourth Circuit held that the particular task in which a covered employee is engaging at the

moment of his injury is irrelevant to coverage, as long as he was employed in a maritime status.

151 F.3d at 169 (citing Caputo, 432 U.S. at 274-76 (The LHWCA is aimed at uniformity, and

preventing workers from being covered for some tasks and not others)).  The Supreme Court of

Virginia has stated that "the determinative consideration is whether the activity that is being

performed at the time of the injury is integral or essential to loading a ship."  Patterson v. CSX

Transp., Inc., 245 Va. 483, 429 S.E.2d 215, 218 (1993) (citation omitted).   While we believe

that the Virginia court would find that Bynum's injury is indeed covered by the LHWCA, the

Patterson decision could be argued to support a contrary conclusion.   Nonetheless, the significant

difference between the approaches of the Supreme Court of Virginia and that of the Fourth

Circuit, to whether the LHWCA applies, demonstrates the lack of uniformity that would result if

United States district courts decline to decide this important federal question.

     C.   Determination of LHWCA Coverage is Essential to Determining Whether to Remand

     Pursuant to Shives, an FELA case can be removed to federal court for the limited purpose

of determining whether the claim is barred by coverage under the LHWCA.   Because "the

coverage question of the LHWCA is a conceptual antecedent for the district court's remand

order," Shives, 151 F.3d at 167, this Court should consider the relevant facts regarding Bynum's

employment in deciding whether he is in fact a covered employee under the LHWCA.[1]

### III.    Factual Background

     At the time of his injury and for a year prior thereto, Bynum was a brakeman employed

by Norfolk Southern in its Lambert's Point Coal Terminal.   Affidavit of William S. Austin

("Austin Aff.") ¶ 3, Complaint ¶ 6.   Bynum alleges that on November 22, 2010, he incurred

injury while walking to retrieve a working radio transmitter, at which time he "tripped and fell

on coal dust and debris that had been allowed to accumulate between and aside the railroad

tracks, causing him to fall and sustain serious and permanent injuries."   Complaint ¶¶ 7-8.

     Bynum's "sole duty" as a brakeman "involved releasing loaded coal cars in the barney

yard, which would then roll into the rotary dumper to be dumped onto the conveyor belt, which

takes the coal to the holds of ships."   Austin Aff. ¶ 3.   On the date of Bynum's accident, he was

---

[1] Because this Motion raises the same factual determination as Norfolk Southern's Motion to Dismiss, the following two sections are largely identical to corresponding sections of the Memorandum in Support of Motion to Dismiss.

engaged in the "gravity assisted" process of loading coal onto the *M/V Mulberry Wilton*. Austin Aff. ¶ 10. His role in the loading process was to release coal cars on Track 5, which "were moving directly from the barney yard into the holds of the *M/V Mulberry Wilton* being loaded at [Norfolk Southern] Pier 6." Austin Aff. ¶ 11.

On November 26, 2010, Norfolk Southern reported Bynum's injury to the Department of Labor. Affidavit of Joseph Wolsh ("Wolsh Aff.") at ¶ 6; Exhibit A to Wolsh Aff. On December 6, 2010, Bynum filed a Form LS-201 with the Department of Labor requesting benefits under the LHWCA. Wolsh Aff. ¶ 7; Exhibit C to Wolsh Aff. Norfolk Southern has paid a total of $44,560.00 in temporary total disability payments and $179,752.71 in medical benefits to date pursuant to his claim under the LHWCA. Wolsh Aff. ¶¶ 8-9.

### IV.    Discussion

The LHWCA applies to injuries which occur in navigable waters of the United States, including certain adjoining areas, such as a "terminal" or "marine railway." 33 U.S.C. §903. This Supreme Court has termed this provision the "situs" test. Schwalb, 493 U.S. at 45. In addition, to be covered under the LHWCA, the plaintiff must satisfy the "status" test, which requires that the employee is "a person engaged in maritime employment." Id.

A. Bynum's Injury Occurred at a Maritime Situs

The Lambert's Point Coal Terminal is undeniably a maritime situs. It meets the literal definition of a maritime situs in §903 of the LHWCA, which expressly includes a "terminal" or a "marine railway." In Etheridge v. Norfolk & Western Railway Company, 9 F.3d 1087 (4th Cir. 1993), the United States Court of Appeals for the Fourth Circuit noted that the plaintiff had been injured at Lambert's Point, and that all parties to the action agreed that it was a maritime situs. Id. at 1089. In Schwalb, it was undisputed that Norfolk & Western's coal terminal was also a

6 of 10

maritime situs. 493 U.S. at 45. The <u>Etheridge</u> Court noted that the Norfolk & Western terminal in <u>Schwalb</u> was "virtually identical" to Lambert's Point. 9 F.3d at 1090. Norfolk Southern asks the Court to take judicial notice of the fact that Lambert's Point is in fact the same Norfolk & Western terminal considered in <u>Schwalb</u>, prior to its acquisition by Norfolk Southern. Similarly, in <u>Demay v. Norfolk Southern Railway Company</u>, 592 F.3d 907 (8th Cir. 2010) all parties agreed that Lambert's Point was a maritime situs. <u>Id</u>. at 913. Because Lambert's Point is a "terminal" or "marine railway," included in the statutory definition of navigable waters, Lambert's Point satisfies the "situs" test for LHWCA coverage, and numerous courts have treated it as such.

    B.  <u>Bynum Was Employed in a Maritime Status</u>

In <u>Schwalb</u>, the Supreme Court held that "land-based activity occurring within the §903 situs will be deemed maritime only if it is an integral or essential part of loading or unloading a vessel." 493 U.S. at 45. The Fourth Circuit has already decided that a railroad employee performing the same duties as Bynum was engaged in maritime employment. <u>Etheridge</u>, 9 F.3d at 1090-91. In that case, the plaintiff was a brakeperson in the Barney Yard of Lambert's Point. <u>Id</u>. at 1088-89. The Court described the loading process as follows:

> The railroad tracks in the Barney Yard are sloped toward the pier to facilitate loading of the ships. As a result, a brakeperson must set the brakes on railroad cars moved into the Barney Yard to prevent them from rolling toward the pier prior to loading. When it is time for the particular car to be loaded, a brakeperson releases the brake, and typically, the car will move toward the pier unassisted.

<u>Id</u>. The Court held that "a brakeperson in the Barney Yard, who initiates the descent of railroad cars to the pier, begins the loading process and, therefore, engages in employment that is essential to the loading process." <u>Id</u>. at 1090.

The Fourth Circuit's holding in <u>Etheridge</u> applies directly to Bynum. As a brakeperson in the Barney Yard, he released the cars, initiating their descent to the pier. Austin Aff. ¶¶ 3, 10.

Like the brakeperson in Etheridge, Bynum "begins the loading process, and therefore, engages in employment that is essential to the loading process." Id. at 1090. Thus at the time of his injury, Bynum was a "person engaged in maritime employment," pursuant to the LHWCA.

It is not relevant that Bynum may have been retrieving a radio transmitter at the exact moment of his injury, as he alleges in paragraph 7 of the Complaint, rather than releasing a coal car. The maritime status test is based on occupation, and is intended "to provide continuous coverage throughout their employment to these amphibious workers who, without the 1972 Amendments, would be covered only for part of their activity." Northeast Marine Terminal Co., Inc. v. Caputo Int'l Terminal Operating Co., 432 U.S. 249, 273, 97 S. Ct. 2348 (1977).

The Fourth Circuit similarly held the LHWCA covers maritime employees "throughout their employment at a maritime situs regardless of the particular activity at the time of injury." Shives v. CSX Transp., Inc., 151 F.3d 164, 169 (4th Cir. 1998) (citing Schwalb, 493 U.S. at 50 (Blackmun, J., concurring)). In Shives, the plaintiff was employed as a carman, which required him to load and unload vessels, as well as railroad cars, at varying times. 151 F.3d at 166. The plaintiff, Shives, asserted that only 15% of his duties were maritime in nature. Id. at 170. At the time of his injury, Shives was engaged in unloading freight from a railcar and loading it into a truck. Id. at 166. Although he argued that he was not covered by the LHWCA, the Fourth Circuit concluded that Shives was in fact employed in a maritime status because he was "clearly assigned to do some indisputably longshore work. . . ." Id. at 170.

Bynum is undoubtedly employed in a maritime status, despite the fact that his injury may have occurred while he was retrieving a radio. Whereas the status test was satisfied by Shives' maritime duties, which comprised only 15% of his work, Bynum's "sole duty" of releasing coal cars in the Barney Yard comprised 100% of his work, and has already been held by the Fourth

8 of 10

Circuit to be maritime employment.  See Etheridge, 9 F.3d a 1090; Austin Aff. ¶ 3.  Retrieving a radio was incidental to Bynum's maritime work, and even if such incidental tasks consumed a significant percentage of his time, Bynum's role as a brakeperson clearly satisfies the status test.

In Shives, after determining that the plaintiff's FELA claim was barred by the LHWCA, the Fourth Circuit held that the Department of Labor had exclusive jurisdiction, and that remand to state court was not proper.  151 F.3d at 171.  Bynum's injury is also covered by the LHWCA, over which the state court lacks jurisdiction.  Remand is not a proper remedy.  Norfolk Southern's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Memorandum in Support thereof, address the proper remedy in the Fourth Circuit for cases such as this, which are improperly filed under FELA in state court and removed to federal court.

### V.    Conclusion

The Court has federal question jurisdiction to decide the LHWCA coverage issue, and its exercise of removal jurisdiction serves the interest of preserving uniformity in maritime law. Bynum is a covered employee pursuant to the LHWCA, which bars his state court FELA action. Norfolk Southern respectfully requests that this Court deny the Motion to Remand.

NORFOLK SOUTHERN RAILWAY COMPANY


By: _____/s/ Daniel R. Warman_____
Of Counsel

Daniel R. Warman, Esq. (VSB #13340)
Danielle M. Kruer, Esq. (VSB #77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA  23510
Tel:  (757) 625-1192
Fax: (757) 625-1475
danwarman@aol.com
dkruer@ventkerlaw.com
*Counsel for Norfolk Southern Railway Company*

Appeal: 13-2112    Doc: 18    Filed: 10/29/2013    Pg: 71 of 100

## CERTIFICATE OF SERVICE

      I hereby certify that on July 24, 2013 I electronically filed the foregoing Memorandum in Opposition to Motion to Remand with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William D. Breit, Esq.
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA  23462
Phone: (757) 456-0333
Fax:     (757) 456-0002
bbreit@seriousinjurylawcenter.com
*Counsel for the plaintiff*

Steven M. Legum, Esq.
Goldblatt, Cohen & Legum, P.C.
555 E. Main Street, Suite 102
Norfolk, VA  23510
Phone: (757) 627-6225
Fax:     (757) 622-3698
melodie@gcl.hrcoxmail.com
*Counsel for the plaintiff*

                                      /s/ Daniel R. Warman

10 of 10

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | | |
|---|---|---|
| **GILBERT BYNUM,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 2:13-cv-00373** |
| | ) | |
| **NORFOLK SOUTHERN RAILWAY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### <u>AFFIDAVIT OF WILLIAM S. AUSTIN</u>

COMMONWEALTH OF VIRGINIA

City of Norfolk, to-wit:

Now comes  WILLIAM S. AUSTIN, on this _15th_ day of _July_ , 2013, and swears and avers as follows:

1. On Monday, November 22, 2010,  I was employed as the Pier Master at Norfolk Southern's Lambert's Point Coal Loading Facility.

2. I am aware of the accident involving Gilbert Bynum, III, which is the subject of this lawsuit.  I was his supervisor at the time of the accident.

3. At the time of his accident, Gilbert Bynum, III was working as a brakeman in the barney yard.  His job duties for the year leading up to the date of the accident involved releasing brakes on loaded coal cars in the barney yard, which would then roll down the hill to the Barney Pit where they would then be pushed up the incline into the rotary dumper to be dumped onto the conveyor belt, which takes the coal to

Page **1** of **4**

the holds of ships.  This was Mr. Bynum's sole job duty on the date of the accident, and had been his sole job for one year before.

4.   The only purpose of the barney yard is to stage and move loaded coal cars into the rotary dumper.  The only purpose of Lambert's Point Coal Loading Facility is to load coal upon oceangoing vessels.

5.   Prior to the loading of any vessel, a permit is issued by Norfolk Southern for the ship, describing the tonnage and number of coal cars for the vessel.  The shipper, working with NS, identifies the locations from which the coal will be shipped, the class of coal, and the amount of coal, as well as the date desired for loading the vessel.  This dictates when coal will be brought to the Lambert's Point Coal Loading Facility.

6.   Before the ship is loaded, a mix order will be requested.  The mix order determines the specific blend of different types of coal, designated by class name, which will be needed for the vessel.

7.   Once the vessel is docked at the pier, the Ship Agent and Captain will provide to the Pier Master a hatch count and loading sequence.  This advises the Pier Master how many cargo holds are to be loaded, tonnage for each, and in what sequence.  The mix order and loading sequence are provided by the Pier Master to the Yard Master.  The Yardmaster will then classify the coal by class and take to the Barney Yard, staging it as the loading sequence and mix requires.

8.   On the date of his accident, Mr. Bynum was a brakeman taking direction from the barney yard foreman to load coal onto the vessel *M. V. Mulberry Wilton*.  The vessel *M. V. Mulberry Wilton* was located at N. S. Pier 6.

9.  Mr. Bynum was assigned to barney yard Track 5.  Barney yard Tracks 3, 5 and 7 were being utilized to achieve the correct mix of coal for the *M. V. Mulberry Wilton*.

10. The coal mix would be achieved by the barney yard foreman advising the individuals assigned to Tracks 3, 5 and 7 to release cars of coal to roll down the incline in the barney yard by the loading sequence and dump order (mix) to be loaded directly into the *M. V. Mulberry Wilton*.  The loading process in the barney yard is gravity assisted.  As a coal car is released by the brakeman assigned to his respective track, in this case Tracks 3, 5 and 7, all containing different types of coal, the cars will roll down a slight incline over a weigh-in-motion scale which weighs the coal, before it rolls to a stop in the barney pit, at which point a device known as a barney mule will shove the cars up the incline to the rotary dumper, which once engaged will turn the car over dumping the coal on a conveyor belt which carries the coal directly to the hold of the ship.

11. The coal cars on Track 5 being released by Gilbert Bynum, III were moving directly from the barney yard into the holds of the *M. V. Mulberry Wilton* being loaded at N. S. Pier 6.

12. I have firsthand knowledge of the facts and circumstances set forth in this Affidavit. And further this Affiant saith not . . .

**SIGNATURES AND SEALS APPEAR ON THE FOLLOWING PAGE**

Page **3** of **4**

**WITNESS** the following signature, as of the date first above written:

WILLIAM S. AUSTIN

I _Donnie R. Bishop_ , a Notary Public in and for the Commonwealth of Virginia at Large, do hereby acknowledge that on the _15th_ day of _July_ , 2013, WILLIAM S. AUSTIN appeared before me and signed the foregoing Affidavit under oath.

Notary Public

AFFIX NOTARY SEAL
My Commission Expires: _12/31/2016_
Registration Number: _7521092_

DONNIE R. BISHOP
COMMONWEALTH
REGISTRATION NO.
7521092
MY COMM. EXPIRES
12/31/2016
OF VIRGINIA
NOTARY PUBLIC

Page 4 of 4

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| GILBERT BYNUM,       ) | |
|      ) | |
|      **Plaintiff**      ) | |
|      ) | |
| **v.**      ) | **Civil Action No.: 2:13-cv-00373** |
|      ) | |
| **NORFOLK SOUTHERN RAILWAY**      ) | |
| **COMPANY,**      ) | |
|      ) | |
|      **Defendant.**      ) | |
| _____ ) | |

### AFFIDAVIT OF JOSEPH WOLSH

COMMONWEALTH OF VIRGINIA

City of Norfolk, to-wit:

      Now comes JOSEPH WOLSH, on this _15th_ day of _July_, 2013, and swears and avers as follows:

1. I am the District Claim Agent for Norfolk Southern Corporation for the Norfolk District Office. Norfolk Southern Railway Company is an operating subsidiary of Norfolk Southern Corporation. My office is responsible for investigating accidents involving individuals employed by Norfolk Southern Railway Company, including any such accidents which may occur at its Lambert's Point Coal Terminal.

2. My office is physically located at the Lambert's Point Coal Terminal. Lambert's Point Coal Terminal is the largest coal loading facility in the United States. Its sole purpose is to load coal onto oceangoing vessels.

Page **1** of **4**

3. Lambert's Point Coal Terminal is comprised of Pier 6, where ships are actually docked and loaded; the CT yard, where loaded coal cars are stored prior to being moved to the barney yard by locomotive; the barney yard, where loaded cars are released one by one to roll to the dumper onto the ship; and the empty yard, into which cars roll after being unloaded and where they are coupled to road engines for return trips to the coal mines.

4. From the barney yard, loaded cars of coal are released one by one and rolled down an incline into one of two rotary dumpers. The dumper is able to rotate the coal car 180 degrees and dump the coal onto conveyors, which move the coal onto Pier 6 for deposit into the holds of coal ships.

5. Although individual Norfolk Southern employees working at Lambert's Point are railroad workers, injuries at Lambert's Point are routinely handled under the provisions of the Longshore and Harbor Workers' Compensation Act, as administered through the Department of Labor.

6. In this instance Mr. Bynum's accident and injury were promptly reported to the United States Department of Labor (See attached Exhibit A, LS-202, "Employer's First Report of Injury or Occupational Illness" dated November 26, 2010). The Department of labor then assigned OWCP File No. 05-132157 to this claim. (See attached Exhibit B)

7. Mr. Bynum signed a Form LS-201, "Notice of Employee's Injury or Death," dated December 1, 2010 , claiming left distal fibula fracture and right knee dislocation, and requesting, "the employer named in item 7" (Norfolk Southern Corp) "to provide me appropriate compensation and medical care for my injury, and I hereby make claim

Page **2** of 4

for all benefits to which I may be entitled under the Longshore and Harbor Workers' Compensation Act, or a related law." (See attached Exhibit C)

8. Norfolk Southern has accepted Mr. Bynum's injury under the Longshore Act and is paying him temporary total disability benefits pursuant to 33 U.S.C. Sec. 908(b). He is currently being paid $327.65 per week, based on an average weekly wage of $491.48 per week (See attached Exhibit D, "LS-206, Payment of Compensation Without Award"). Temporary total disability payments to date total $44,560.00.

9. Mr. Bynum is being paid medical benefits under the terms of 33 U.S.C. Sec. 907. Medical benefits paid to date total $179,752.71. Mr. Bynum has also exercised his free choice of physician under the terms of the Longshore Act, selecting Dr. Arthur Wardell as his treating physician. Mr. Bynum continues to be treated by Dr. Arthur Wardell, and this treatment continues to be paid for by the Employer under the terms of the Longshore Act.

10. Mr. Bynum's claim filed with the United States Department of Labor pursuant to the LHWCA has not been appealed for enforcement or review, and is not before this Court.

And further this Affiant saith not . . .

**SIGNATURES AND SEALS APPEAR ON THE FOLLOWING PAGE**

**WITNESS** the following signature, as of the date first above written:

_____

JOSEPH WOLSH

I _Donnie A. Bishop_, a Notary Public in and for the Commonwealth of Virginia

at Large, do hereby acknowledge that on the _15th_ day of _July_, 2013, JOSEPH

WOLSH appeared before me and signed the foregoing Affidavit under oath.

_____

Notary Public

AFFIX NOTARY SEAL
My Commission Expires: _12/31/2016_
Registration Number: _7521092_

Page 4 of 4

Case 2:13-cv-00372-RBS-LRL   Document 1-2   Filed 07/24/13   Page 5 of 8 PageID# 102

Employer's First Report of Injury
or Occupational Illness
See instructions on reverse - Leave Items 1 and 2 blank

U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs

OMB No. 1215-0031

| 1. OWCP No. | 2. Carrier's No. 10003950 | 3. Date and Time of Accident Mo. 11 Day 22 Yr. 2010 Hour 2:00 AM/PM |
|---|---|---|

4. Name of Injured/Deceased Employee (Type or print - first, M.I., last)
Gilbert Bynum, III    Telephone

5. Employee's Address (No., street, city, state, ZIP code)
501 Nottingham Rd, Portsmouth, VA 23701

6. Injury is Reported Under the Following Act (Mark one)
A. ☒ Longshore and Harbor Workers Compensation Act
B. ☐ Defense Base Act
C. ☐ Nonappropriated Fund Instrumentalities Act
D. ☐ Outer Continental Shelf Lands Act

7. Indicate Where Injury Occurred (Longshore Act only) (Mark one)
A. ☐ Aboard Vessel or Over Navigable Waters
B. ☐ Pier/Wharf
C. ☐ Dry Dock
D. ☐ Marine Terminal
E. ☐ Building Way
F. ☒ Marine Railway
G. ☐ Other Adjoining Area

8. Sex ☒ M  ☐ F

9. Date of Birth 07-22-1975

10. Social Security No. (Required by Law)
231-11-13-19689

11. Did Injury Cause Death? ☒ No  ☐ Yes - If yes, skip to 16

12. Did Injury Cause Loss of Time Beyond Day or Shift of Accident? ☒ Yes  ☐ No

13. Date and Hour Employee First Lost Time Because of Injury  Mo. 11 Day 22 Yr. 2010 Hour 2 AM/PM

14. Did Employee Stop Work Immediately? ☒ Yes  ☐ No

15. Date and Hour Employee Returned to Work  NA

16. Was Employee Doing Usual Work When Injured/Killed? (If no, explain in Item 26) ☒ Yes  ☐ No

17. Did Injury/Death Occur on Employer's Premises? ☒ Yes  ☐ No

18. Dept. in Which Employee Normally Works(ed)
Transportation

19. Occupation
Brakeman

20. Date and Hour Pay Stopped
11-22-10  7 AM

21. Which Days Usually Worked Per Week? (Mark (X) days)
X X T W X X X

22. Date Employer or Foreman First Knew of Accident.
11-22-10

23. Wages or Earnings (Include overtime, allowances, etc.)
a. Hourly $
b. Daily $
c. Weekly $
d. Yearly $25,556.85

24. Exact Place Where Accident Occurred (See instructions on reverse). This item should specify area if accident was in maritime employment and occurred in area adjoining navigable waters.
Marine railway - Barney Yard Lamberts Point - Between Tracks 4 & 5.

25. How was Knowledge of Accident or Occupational Illness Gained?
Co-worker was told of incident.

26. Describe in full how the accident occurred (Relate the events which resulted in the injury or occupational disease. Tell what the injured was doing at the time of the accident. Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved. Give full details on all factors which led or contributed to the accident.)
MR. Bynum was walking between tracks 4 & 5 when he fell to the ground - resulting in injuries to his left ankle and right knee (Use additional sheet(s) if required and attach to this report)

27. Nature of Injury (Name part of body affected - fractured left leg, bruised right thumb, etc.) If there was amputation of a member of the body, describe.
Fractured left fibula
Dislocated right knee

28. Has Medical Attention Been Authorized? ☒ Yes  ☐ No

29. Enter Date of Authorization
11-22-10

30. Was First Treating Physician Chosen by Employee? ☒ Yes  ☐ No

31. Has Insurance Carrier Been Notified? ☒ Yes  ☐ No

▶ Name

Address - Enter Number, Street, City, State, ZIP Code

32. Physician
NA
John Fletcher

33. Hospital
Sentara - Norfolk General
2200 Redgate Ave
Norfolk, VA 23507

34. Insurance Carrier
Self-insured.

35. Employer
Norfolk Southern Railway Company

36. Nature of Employer's Business
Railroad

37. Signature of Person Authorized to Sign for Employer

38. Official Title of Person Signing This Report
District Claim Agent

39. Date of This Report
11-26-10

EXHIBIT 4

Form LS-202
Rev Oct 1998

- 76 -

**U. S. Department of Labor**
**Employment Standards Administration**
**Division of Longshore and Harbor Workers' Compensation**
Federal Building, Room 212
200 Granby Mall Telephone #: (757)-441-3071
Norfolk, VA 23510

Norfolk Southern Railway Company
c/o Norfolk Southern Corp.
Three Commercial Place
Norfolk, VA 23510-9240

This office has received a notice of injury concerning the employees whose name, date of injury and assigned claim number appear below.

You are requested to include the assigned claim number on all correspondence forwarded to this office

| Injured Employee | Date of Injury | Claim# | Employer Name |
|------------------|----------------|--------|---------------|
| Gilbert Bynum III | 11/22/2010 | 05-132157 | Norfolk Southern |

Page 1 of 1

EXHIBIT
**B**

Notice of Employee's Injury or Death
Longshore and Harbor Workers' Compensation Act,
As Extended (See instructions on reverse)

U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs



This form should be furnished by the employer to any employee covered by the Longshore and Harbor Workers'
Compensation Act or a related law who reports an occupational injury or illness to his/her employer.
This form is used to provide written notice of an injury or death. Notice is required to obtain a benefit (20 CFR 702.212).
The information will be used to determine entitlement to benefits. Persons are not required to respond to this collection
of information unless it displays a currently valid OMB control number.

OMB No. 1215-0160

| 1. Employee's Name (Last, first, middle) | 2. Home Mailing Address (Number, street, city, state, ZIP code) |
|---|---|
| Bynum, Gilbert | 501 Nottingham Rd. Portsmouth, VA 23701 |

| 3. Date of Birth (Month, day, year) | 4. Sex | 5. Social Security Number (Required by Law) | 6. Home Telephone |
|---|---|---|---|
| 07-22-1975 | ☑ Male ☐ Female | 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 | Area Code 757 714-8737 / 405-3645 |

| 7. Name and Address of Employer (Number, street, city, state, ZIP code) | 8. Employee's Job Title |
|---|---|
| Norfolk Southern Corp Attn: John Fletcher 2200 Redgate Ave Norfolk, VA 23507 | Brakeman |

| 9. Date of Injury (Month, day, year) | 10. Hour of Injury | 11. Place Where Injury Occurred |
|---|---|---|
| 11-22-10 | 2:00 ☑ AM ☐ PM | Lambert's Point, Norfolk, VA |

| 12. Name of Supervisor at Time of Injury | 13. Did Employee Stop Work Due to Injury? | 14. If Yes, Date Stopped |
|---|---|---|
| Mark Burke | Yes | 11-22-10 |

15. Cause of Injury (Explain in what way the injury or occupational illness was caused by employment)

Fall or stumble while walking.

16. Effects of Injury (Indicate parts of body affected or if death occurred)

Left distal fibula fx
Right knee dislocation

▶ NOTE: If reporting injury, employee signs item 17; if reporting death, claimant or representative signs item 18. ◀

17. I am requesting the employer named it item 7 to provide me appropriate compensation and medical care for my injury, and I hereby make
claim for all benefits to which I may be entitled under the Longshore and Harbor Workers' Compensation Act, or a related law.

_____          _____12/1/10_____
Signature of Employee                              Date

18. Request is hereby made to the employer named in item 7 to provide appropriate death benefits to the survivors of the employee named in
Item 1, and a claim is hereby made for those death benefits to which these survivors may be entitled under the Longshore and Harbor
Workers' Compensation Act, or a related law.

_____          _____
Signature of Compensation Claimant or Representative of Claimant          Date

19. This notice is being personally delivered, or mailed, to the employer named in item 7 (or his/her representative) and a copy is being sent to
the District Director of the Office of Workers' Compensation Programs by the party named in either Item 17 or 18 on this date.

_____
Date

**IMPORTANT NOTICE**

Section 31(a)(1) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 931(a)(1), provides as follows: Any claimant or
representative of a claimant who knowingly and willfully makes a false statement or representation for the purpose of obtaining a benefit or
payment under this Act shall be guilty of a felony, and on conviction thereof shall be punished by a fine not to exceed $10,000, by
imprisonment not to exceed five years, or by both.

EXHIBIT
C

Form LS-201

**Payment Of Compensation Without Award**
(Longshore and Harbor Workers' Compensation Act,
as extended)

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs



OMB No. 1215-0022

**NOTE:** This Notice is to be filed with the District Director when the first payment is made. A copy should be sent to the person to whom compensation was paid. This report is mandatory (33 U.S.C. 914(c)). Failure to report may result in delays in the delivery of benefits. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

**FOR OFFICE USE**

1. OWCP No.

2. CARRIER'S No.
10003950

3. Name of injured person (First, middle, last - please print or type)

Gilbert Bynum III

4. Address of injured person, (Number, street, city, state and ZIP code)

501 Nottingham Rd

Portsmouth, VA 23701

5. Date of accident or first illness (Month, day, year)

11-22-2010

6. Date disability began (Month, day, year)

11-23-2010

7. Name of injured, or dependents of injured, to whom compensation will be paid

Gilbert Bynum III

8.

Average weekly wage   $ 491.48    — multiplied by 2/3 = compensation rate  $ 327.65
(Mark if maximum rate is being paid)      — Yes

9. Compensation will be paid from - Enter month, day, year.

11-23-10 -

until notice is given that payment has been stopped or suspended

10. Date of first payment (Month, day, year.)
12-07-10

11. Has medical care and treatment been provided by a physician or hospital chosen by the injured person?
(Mark appropriate box)      ☒ Yes  ☐ No

12. Name of employer

Norfolk Southern Railway Company

13. Address of employer (Number, street, city, state and ZIP code)

2200 Redgate Ave

Norfolk, VA 23507

14. Name of insurance carrier

Self-Insured.

15. Authorized signature

_John Fletcher_

16. Title of person whose signature appears in item 15

District Claim Agent

17. Date signed

12-07-10

EXHIBIT
D

**Public Burden Statement**

We estimate that it will take an average of 15 minutes to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Division of Longshore and Harbor Workers' Compensation, U.S. Department of Labor, 200 Constitution Avenue

- 79 -

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | | |
|---|---|---|
| **GILBERT BYNUM,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | Civil Action No.: <u>**2:13-cv-00373**</u> |
| | ) | |
| **NORFOLK SOUTHERN RAILWAY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

### <u>NORFOLK SOUTHERN'S BRIEF IN REBUTTAL<br>TO PLAINTIFF'S MEMORANDUM IN OPPOSITION<br>TO MOTION TO DIMISS</u>

COMES NOW the Defendant, Norfolk Southern Railway Company ("Norfolk Southern") and for its Brief in Rebuttal to Plaintiff's Memorandum in Opposition to Motion to Dismiss, states as follows:

In his Memorandum in Opposition, the Plaintiff, Gilbert Bynum ("Bynum") agrees with Norfolk Southern that the Longshore and Harbor Worker's Compensation Act (the "LHWCA") and the Federal Employer's Liability Act (the "FELA") are mutually exclusive. Memorandum in Opposition to Motion to Dismiss ("Memo. in Opp. MTD") at 2. Yet somehow, Bynum argues that the exclusivity provisions may not apply to a railroad. By analogy to the specific exception in 33 U.S.C. § 905(b) for suits against vessel owners, Bynum suggests that the courts have not foreclosed the possibility that a similar exception exists for railroads. Memo. in Opp. MTD at 2. This argument ignores basic principles of statutory construction. The LHWCA bars all other actions against an employer by a covered employee or on his behalf. 33 U.S.C. §905(a). Section (b) presents a limited exception for an action against a vessel, whose owner is also the employer.

1

There is simply no basis for reading a parallel exception for railroads into the statute.

Bynum's reliance on Jones & Laughlin Steel Corporation v. Pfiefer, 462 U.S. 523, 103 S.
Ct. 2541, 76 L.Ed. 2d 768 (1983), to suggest a railroad exception, is misplaced.  That case
explains that longshoreman traditionally had a separate right of action against a vessel owner,
regardless of whether the owner is also the employer, pursuant to the maritime principle of
unseaworthiness.  Id. at 531.  The original version of the LHWCA foreclosed such an action by
longshoremen employed by a vessel.  Id.  The current statutory language simply exchanges
negligence for unseaworthiness and affords the same remedy against a vessel to longshoremen
who are employed by that vessel or by an independent stevedoring company.  Id. at 531-32.  This
history of longshoremen's remedies against vessels is simply not analogous to railroad workers.

Further, Bynum argues for an approach that would treat the federal question of LHWCA
coverage as inseparable from the FELA claim itself for removal purposes.  However, pursuant to
the Fourth Circuit's decision in CSX Transp. Inc. v. Shives, 151 F.3d 164 (1998), it is
permissible to remove the case to determine whether the case is barred by the LHWCA in the
first place.  Both parties agree that under either statute, this Court lacks original jurisdiction over
Norfolk Southern's *liability* for Bynum's injury.  Bynum correctly states that the "state court has
no jurisdiction over the payment of compensation for injuries sustained under the LHWCA."
Memo. in Opp. At 3.  If this Court finds that LHWCA applies, his injury was "sustained under
the LHWCA," and his only remedy lies with the Department of Labor.  Bynum has in fact
pursued that remedy, and has been receiving benefits for over two years.

Following Shives, depending on whether Bynum is covered by the LHWCA, this Court
may apply the appropriate remedy:  if Bynum is not covered by the LHWCA, the case should be
remanded to state court for decision on the merits; if Bynum is covered by the LHWCA, the

2

Case 2:13-cv-00373-RBS-LRL   Document 15   Filed 07/24/13   Page 3 of 3 PageID# 98

FELA action should be dismissed as barred.  In the event that this Court finds that Bynum is covered by the LHWCA, dismissal of this action will not leave him without a remedy.

NORFOLK SOUTHERN RAILWAY COMPANY

By: _____ /s/ Daniel R. Warman _____
                         Of Counsel

Daniel R. Warman, Esq. (VSB #13340)
Danielle M. Kruer, Esq. (VSB #77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA  23510
Tel:  (757) 625-1192
Fax: (757) 625-1475
danwarman@aol.com
dkruer@ventkerlaw.com
*Counsel for Norfolk Southern Railway Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 24, 2013 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William D. Breit, Esq.
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA  23462
Phone: (757) 456-0333
Fax:    (757) 456-0002
bbreit@seriousinjurylawcenter.com
*Counsel for the plaintiff*

Steven M. Legum, Esq.
Goldblatt, Cohen & Legum, P.C.
555 E. Main Street, Suite 102
Norfolk, VA  23510
Phone: (757) 627-6225
Fax:    (757) 622-3698
melodie@gcl.hrcoxmail.com
*Counsel for the plaintiff*

_____ /s/ Daniel R. Warman _____

3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**GILBERT BYNUM,**

      **Plaintiff,**

v.                                                                                  Case No. 2:13-cv-373

**NORFOLK SOUTHERN RAILWAY
COMPANY,**

      **Defendant,**

## AFFIDAVIT OF GILBERT BYNUM

COMMONWEALTH OF VIRGINIA

City of Norfolk, to-wit:

1. On Monday November 22, 2010 I was employed as a brakeman at the Lambert's Point Coal Terminal.

2. I reported to work November 22, 2010 at 11:00 p.m., and at that time at no loading or unloading of any vessel had begun at the terminal.

3. At 11:00 p.m. prior to reporting to the work site that day, I attended a safety meeting at which time I advised the yardmaster, Shane Patrick, that my radio was not working properly.

4. At the conclusion of the safety meeting, Shane Patrick, yardmaster, advised me to report to the "middle shack" located between Tracks 15 and 16 to obtain a properly functioning radio equipment.

5. While returning from the "middle shack", I fell on improperly maintained and unsafe bedding on Track No. 6.

–1–

6. On November 22, 2010, at the time of my accident I had not participated in any activity involving the loading or unloading of a vessel.

7. On November 22, 2010, prior to my accident, I had not engaged in any activity involving the loading or unloading of a vessel.

8. On November 22, 2010, at the time of my accident I was engaged in traditional railroad activity of securing proper railroad equipment.

9. My accident and injury was a direct result of the improper upkeep and maintenance of railroad track bedding and had nothing to do with maritime activity or the loading or unloading of any vessel.

10. My job as a brakeman involved releasing loaded coal cars in the barney yard, which would release down a hill into a rotary dumper.   My activities as a brakeman did not involve the loading of coal onto a vessel.   My activity involved loading coal into a land based rotary dumper.

11. Only the employees of the railroad known as "dumper men" are engaged in the activity of loading coal from the land based rotary dumper onto vessels.


**SIGNATURES AND SEALS APPEAR ON THE FOLLOWING PAGE**

WITNESS the following signature, as of the date first above written:

GILBERT BYNUM

I, Jackie Lee Craig , a Notary Public in and for the Commonwealth of Virginia at large, do hereby acknowledge that on the 31st day of July , 2013, GILBERT BYNUM appeared before me and signed the foregoing Affidavit under oath.

Notary Public

AFFIX NOTARY SEAL

My Commission Expires: 7·31·15

Registration Number: 302774

JACKIE LEE CRAIG
NOTARY PUBLIC
REGISTRATION # 302774
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
7-31-15

—3—

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2013, I will electronically file **Plaintiff's**

**Affidavit** with the Clerk of the Court using CM/ECF Systems which will then send a notification

of such filing  (NEF) to the following:

Daniel R. Warman, Esq. (VSB# 13340)
Danielle M. Kruer, Esq. (VSB# 77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA  23510
*Counsel for Norfolk Southern Railway Company*

Steven M. Legum, Esq. (VSB# 14756)
Goldblatt, Cohen & Legum, P.C.
555 E. Main St., Suite 1102
Norfolk, VA 23510
Tel: (757) 627-6225
Fax: (757) 622-3698

William D. Breit

William D. Breit, Esq. (VSB # 17814)
Serious Injury Law Center
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
(757) 456-0333
(757) 456-0002 – Fax

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
┌─────────────────────────────┐
│ FILED                       │
│  ┌───────────────────────┐  │
│  │   AUG 1 2 2013        │  │
│  └───────────────────────┘  │
│ CLERK, US DISTRICT COURT    │
│        NORFOLK, VA          │
└─────────────────────────────┘
```

GILBERT BYNUM,

      Plaintiff,

v.                                ACTION NO: 2:13cv373

NORFOLK SOUTHERN RAILWAY COMPANY,

      Defendant.

## REMAND ORDER

This matter comes before the court on two motions, both of which were filed on July 15, 2013: 1) the Plaintiff's Motion to Remand; and 2) the Defendant's Motion to Dismiss for Lack of Jurisdiction, which was filed pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the court **GRANTS** the Plaintiff's Motion to Remand. The Defendant's Motion to Dismiss is, therefore, **MOOT**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2010, the Plaintiff, Gilbert Bynum ("Bynum"), was employed by the Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), as a control operator and brakeman at Lambert's Point Coal Terminal, located on the Elizabeth River in Norfolk, Virginia. Compl. ¶¶ 4, 6. Lambert's Point Coal Terminal is a facility created for the sole purpose of loading coal from railroad cars onto ocean-bound vessels. Mem. Opp. Mot. Remand, Aff. Joseph Wolsh ("Wolsh Aff.") ¶ 2. As

a brakeman, Bynum's job was to release the brakes on loaded coal cars in the Barney Yard,[1] causing them to roll downhill into a rotary dumper. Aff. Gilbert Bynum ("Bynum Aff.") ¶ 10; Wolsh Aff. ¶ 4. The rotary dumper then "rotate[s] the coal car 180 degrees and dump[s] the coal onto conveyors, which move the coal onto [the pier] for deposit into the holds of coal ships." Wolsh Aff. ¶ 4.

On November 22, 2010, Bynum was working at Lambert's Point Coal Terminal and was injured while walking to recover a working radio transmitter, at which time "he tripped and fell on coal dust and debris that had been allowed to accumulate between and aside the railroad tracks." Compl. ¶ 8. Following his injury, Bynum applied for and received benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq. Wolsh Aff. ¶¶ 7, 8; Mem. Supp. Mot. Remand at 2.

On May 29, 2013, Bynum commenced an action in the Circuit Court for the City of Norfolk, pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 et. seq., alleging negligence against Norfolk Southern and seeking thirty million dollars in damages. On July 3, 2013, Norfolk Southern removed the case to federal court. On July 15, 2013, Bynum moved to remand the case to state court, arguing that his claim, which

---

[1] The Barney Yard is the location where loaded coal cars are staged prior to the loading of coal onto a vessel. Mem. Opp. Mot. Remand, Aff. William Austin ("Austin Aff.") ¶ 4.

was filed in state court under FELA, could not be removed to federal court. Mem. Supp. Mot. Remand at 1 (citing 28 U.S.C. § 1445(a)). Norfolk Southern responded to the Motion to Remand on July 24, 2013. Bynum did not reply to Norfolk Southern's response, and the time for him to do so has now lapsed.

On July 15, 2013, Norfolk Southern moved to dismiss Bynum's claim for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. According to Norfolk Southern, the court lacks subject matter jurisdiction over Bynum's claim because Bynum was engaged in maritime employment at the time of his injury, and therefore the LHWCA provides his exclusive remedy. As federal district courts do not have jurisdiction over LHWCA claims, which must be filed with the Department of Labor, Norfolk Southern contends that Bynum's claim must be dismissed. Bynum responded on July 18, 2013, to which Norfolk Southern replied on July 24, 2013. Both the Motion to Remand and the Motion to Dismiss are now ripe for review.[2]

---

[2] On July 18, 2013, Bynum requested a hearing on his Motion to Remand, and Norfolk Southern requested a hearing on its Motion to Dismiss. After full examination of the briefs and the record, the court has determined that hearings on these motions are unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); Local Civ. R. 7(J).

3

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court over which a federal district court has jurisdiction may be removed, "[e]xcept as otherwise expressly provided by Act of Congress." (Emphasis added).  Section 1445(a) prohibits the removal of a civil action arising under FELA, which is filed in state court against a railroad.  See Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 434 (1965) ("Congress, in . . . prohibiting removal of FELA cases to federal courts, has sought to protect the plaintiff's right to bring an FELA action in a state court.").

Here, Bynum's Complaint alleges a cause of action under FELA. Because he brought his claim in state court, 28 U.S.C § 1445(a) prohibits its removal, and the claim must be remanded to state court. In an attempt to circumvent this straightforward application of 28 U.S.C. § 1445(a)'s anti-removal provision, Norfolk Southern asks the court to recharacterize Bynum's claim as one that arises under the LHWCA, rather than FELA. Because federal district courts do not have jurisdiction over LHWCA claims, however, Norfolk Southern argues that the court's "removal jurisdiction is invoked solely to address the 'threshold question' of whether Bynum is covered by the LHWCA." Mem. Opp. Mot. Remand at 2 (citing CSX Transp. Inc. v. Shives, 151 F.3d 164 (4th Cir. 1998)).

4

Norfolk Southern's reliance on Shives is misplaced. The central issue in Shives was whether, at the time of his injury, the plaintiff-employee was engaged in maritime employment such that he was covered by the LHWCA, rather than FELA. 151 F.3d at 168. The Fourth Circuit held that this narrow coverage issue should be decided in federal court, not state court. Id. at 171.

In contrast, the issue in the instant case is whether, where the plaintiff has already received LHWCA benefits, the exclusivity provisions of the LHWCA bar further recovery under FELA. Mot. Remand at 1; Mem. Opp. Mot. Dismiss at 2. Indeed, Bynum acknowledges that he "has already received benefits under the LHWCA and his claim for federal workers' compensation benefits is properly before the Department of Labor." Mem. Supp. Mot. Remand at 2.

Recovery in this case hinges not on the coverage question contemplated in Shives, but rather on the merits of Bynum's novel legal argument that an exception to LHCWA's exclusivity provision should apply to his claim. See Mem. Opp. Mot. Dismiss at 2-3 (citing 33 U.S.C. § 905(b); Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523 (1981)). Although the exclusivity provisions of LHWCA may be a defense to Bynum's FELA claim, that defense does not make Bynum's action removable to this court. This action is, therefore, **REMANDED** to the state court from which it was removed.

5

The Clerk is **DIRECTED** to forward a copy of this Remand Order to counsel for the parties and to effect the remand to state court.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

August 12 , 2013

6

- 92 -

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

FERNANDO GALINDO
CLERK OF COURT

REBECCA BEACH SMITH
CHIEF JUDGE

August 13, 2013

The Honorable George E. Schaefer, Clerk of Court
Circuit Court for the City of Norfolk
100 St. Paul's Boulevard
Norfolk, Virginia  23510-2773

Re:  Civil Action No.  2:13cv373
Bynum v.  Norfolk Southern Railway Company
Circuit Court Case No.: CV13-4394

Dear Mr. Schaefer:

Pursuant to 28 U.S.C. 1447(c), we enclose a certified copy of the order remanding the above-captioned case to your court.

Very truly yours,
FERNANDO GALINDO, Clerk

By: _____

Deputy Clerk

Enclosure

www.vaed.uscourts.gov
ALEXANDRIA (703) 299-2100 ■ NEWPORT NEWS (757) 247-0784 ■ NORFOLK (757) 222-7205 ■ RICHMOND (804) 916-2200

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION
Civil Action No.: 2:13-cv-00373

| | | |
|---|---|---|
| **GILBERT BYNUM,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Notice of Appeal** |
| | ) | |
| **NORFOLK SOUTHERN RAILWAY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Defendant, Norfolk Southern Railway Company

("Norfolk Southern"), by and through its attorneys, appeals to the United States Court of Appeals

for the Fourth Circuit the Order entered August 12, 2013, granting the Plaintiff's Motion to

Remand and remanding this action to the Circuit Court for the City of Norfolk, Commonwealth

of Virginia, based on the bar to removal of Federal Employers' Liability Act ("FELA") cases

found in 28 U.S.C. § 1445(a). By virtue of this decision, the Court found the Defendant's Motion

to Dismiss moot.

Norfolk Southern intends to request that the Court of Appeals reverse this Court's August

12, 2013 Order and direct this Court to dismiss Plaintiff's Complaint pursuant to F.R.C.P.

12(b)(1) and 12(b)(6) because his claim is governed by the Longshore and Harbor Workers'

Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, and not by FELA, 45 U.S.C. § 51 *et*

*seq.* See *Shives v. CSX Transportation, Inc.*, 151 F.3d 164, 166 (4th Cir. 1998). Because this

Court's remand Order was based on Section 1445(a)'s bar to removal and not on lack of subject

1

matter jurisdiction or a defect in the removal, 28 U.S.C. § 1447(d) does not preclude the Court of

Appeals from reviewing that Order.  See *Shives*, 151 F.3d 164; *In re Blackwater Security*

*Consulting, LLC,* 460 F.3d 576 (4th Cir. 2006).  Further, even if this Court finds that it cannot

review the remand Order itself, Section 1447(d) does not prohibit review of the denial of the

Motion to Dismiss if this Court determines that that ruling is a collateral decision that is

severable from the remand Order.  See *In re Blackwater Security Consulting, LLC*, 460 F.3d at

583; *City of Waco v. U.S. Fid. & Guar. Co.*, 293 U.S. 140, 143, 55 S.Ct. 6, 79 L.Ed. 244 (1934)

(holding § 1447(d) not applicable to the portion of a remand order that dismissed a cross-claim

because the dismissal "…in logic and in fact . . . preceded [the order] of remand and was made

by the District Court while it had control of the cause . . . [A]nd, if not reversed or set aside, [the

dismissal] is conclusive upon the petitioner").


Respectfully submitted,

NORFOLK SOUTHERN RAILWAY COMPANY


By: _____ /s/ Daniel R. Warman_____


Daniel R. Warman, Esq. (VSB #13340)
Danielle M. Kruer, Esq. (VSB #77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA  23510
Tel:  (757) 625-1192
Fax: (757) 625-1475
danwarman@aol.com
*Counsel for Norfolk Southern Railway Company*

2

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, which will then send a notification of such filing (NEF) to the following:

William D. Breit, Esquire
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Telephone:  (757) 456-0333
Fax:  (757) 456-0002
bbreit@seriousinjurylawcenter.com
*Counsel for the Plaintiff*

Steven M. Legum, Esq.
Goldblatt, Cohen & Legume, P.C.
555 E. Main Street, Suite 1102
Norfolk, VA 23510
Telephone:  (757) 627-6225
Fax:  (757) 622-3698
melodie@gcl.hrcoxmail.com
*Counsel for the Plaintiff*

$\underline{\hspace{3cm}}$ /s/ Daniel R. Warman $\underline{\hspace{3cm}}$

Daniel R. Warman, Esq. (VSB #13340)
Danielle M. Kruer, Esq. (VSB #77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA  23510
Tel:  (757) 625-1192
Fax: (757) 625-1475
danwarman@aol.com
*Counsel for Norfolk Southern Railway Company*

3